CATHERINE WALSH *vs.* PHILANDER S. YOUNG.

Land conveyed to a man and woman, by a deed purporting to be in consideration of one dollar and of a marriage to be consummated between them, is held by them, under the Gen. Sts. c. 89, §§ 13, 14, as tenants in common, after as well as before the marriage.

A man and his wife, who was a minor, joined in a warranty deed of land belonging to them in equal shares as tenants in common; and a child of the marriage was afterwards born. *Held*, that the wife could maintain a writ of entry to recover an undivided moiety of the land, although she received part of the price, if it did not appear that she retained such part till she came of age.

WRIT OF ENTRY, dated March 23, 1872, to recover an undivided half of a parcel of land in Dedham. Plea, *nul disseisin.*

At the trial in the Superior Court, before *Lord*, J., the following facts appeared :

The demandant, whose maiden name was Catherine Riley, was born October 24, 1850, and on September 23, 1866, was married to James T. Walsh, who is still living. A child of the marriage was born August 19, 1867, and is still living. On September 5, 1866, Ann Denan conveyed the whole of said parcel to James T. Walsh and the demandant by a deed, purporting to be in consideration of one dollar " and of a marriage to be consummated between the said Catherine Riley and James T. Walsh; " and on November 29, 1866, James T. Walsh and the demandant, by their joint deed, in common form, with full covenants of warranty, conveyed the whole of the parcel to the tenant. The tenant paid for the land $2500, which was taken by James T. Walsh, but soon after, and after he had gone to New York, he sent $250 to the demandant, which she supposed to have been part of the $2500, and was all she ever received of the purchase money. James T. Walsh and the demandant have been living apart for most of the time since the deed to the tenant.

The demandant sought to avoid the deed to the tenant, so far as she had title to the premises, on the ground of her infancy at the time the deed was given ; but she never expressed any such intention to the tenant except by bringing this suit. Upon these facts, the judge reported the case, by consent of parties, before verdict, for the determination of this court ; if the demandant was entitled to the possession of the premises, judgment to be so entered ; if she was not so entitled, judgment to be entered for the tenant ; or such other judgment as by the determination of the court should be deemed proper ; the tenant, however, to be allowed for improvements if judgment be ordered against him.

*J. M. Keith*, for the demandant.

*W. Colburn*, for the tenant.

WELLS, J. As the demandant was not married at the time of the conveyance to her and James T. Walsh, she took one undivided half of the estate as tenant in common with him, unless " it manifestly appears from the tenor of the instrument that it

was intended to create an estate in joint tenancy." Gen. Sts. *c.* 89, §§ 13, 14.*

There are no words of limitation which indicate joint tenancy or survivorship. The intent can be inferred only from the recital of the consideration. Nothing appears from that except the contemplation of subsequent marriage. The operation of the deed was not to depend upon the consummation of that purpose. It took effect on delivery; and its effect would not have been changed by a failure of the intended intermarriage. We think it does not manifestly appear from the deed that the grantees were intended to take only as husband and wife; and therefore that an undivided estate in common vested in each.

The estate having thus vested, the subsequent intermarriage of the grantees would not change the nature of their respective titles. But the statute securing to a married woman the property which she " owns at the time of her marriage," would preserve it for her separate use, so far as it could be done consistently with their relations towards each other. Whatever difficulty there might be in securing to her the use or income of the property while in their joint possession, or the possession of the husband, there is none in regard to the property itself after the husband has divested himself of all interest in it, by a deed which is valid against him.

At the time of their conveyance to the tenant, the demandant was a minor. It is contended, mainly upon the authority of *Bartlett* v. *Cowles*, 15 Gray, 445, that, being also under the other disability of coverture, her deed, joining her husband, may operate to convey a good title to her lands, so that she cannot avoid it.

---

* " SECTION 13. All conveyances and devises of lands made to two or more persons, except as provided in the following section, shall be construed to create estates in common and not in joint tenancy; unless it is expressed therein that the grantees or devisees shall take the lands jointly, or as joint tenants, or in joint tenancy, or to them and the survivor of them.

" SECTION 14. The preceding section shall not apply to mortgages, nor to devises or conveyances made in trust, or made to husband and wife, nor to a devise or conveyance in which it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy."

It is indeed said to be the opinion of the court, in *Bartlett* v. *Cowles*, " that the husband of an infant succeeds to the place of her guardian, all other guardianship of her, as a minor, being, by the Rev. Sts. *c.* 79, § 23, terminated by her marriage." And on that ground it appears to have been considered that a sale of trees by her, with her husband's consent, gave to the purchaser a right to take the trees from her land, and a perfect title to them when taken. It was also suggested that the sale and removal of the trees might have been consistent with good husbandry, not injurious to the inheritance, and in accordance with the common law rights of the husband to the use of his wife's lands. Neither of these positions, however, was necessary to the judgment sustaining the defence in that case. See *Bartlett* v. *Drake*, 100 Mass. 174. But giving to the opinion thus expressed full force, as an adjudication for the purposes of that suit, it does not reach the case of an attempt to convey the wife's fee in the land itself.

It is to be observed also that, even if the husband has all the rights and powers of a guardian over his minor wife, that does not give him title or right to convey land, without a decree of a probate court allowing it.

But under the General Statutes there is no longer any ground of inference that the husband is clothed with any such rights over his wife's property. Gen. Sts. *c.* 109, § 26.

We are of opinion that coverture does not remove the disability of minority. The demandant therefore may avoid her deed to the tenant, and recover her undivided half of the land. Under the present statutes relating to married women, the husband has no freehold in his wife's land. The right of possession therefore remains in her, notwithstanding his deed to the tenant. As tenant by the curtesy initiate, his deed passed no title. It can operate only by estoppel to bar him from claiming the land, if not conveyed with his consent during the life of the demandant. *Staples* v. *Brown*, 13 Allen, 64. *Lynde* v. *McGregor*, Ib. 182.

To enable her to recover, it is not necessary that she should offer to return whatever she may have received of the consideration paid by the tenant. *Chandler* v. *Simmons*, 97 Mass. 508. *Bartlett* v. *Drake*, 100 Mass. 174. If the $250 sent to her from

New York by her husband may be regarded as a part of the consideration received by her as such, it does not appear that it remained in her possession specifically, after she came of age. Its retention, or rather her failure to restore it to the tenant, is not an affirmation of her deed, and will not defeat the action.

The demandant is therefore entitled to judgment for one undivided half of the land; and the case must stand for hearing in the court below, for the purpose of determining the sum to be allowed to the tenant for his improvements.

*Ordered accordingly.*