JOHN J. MCCARTHY *vs.* JOHN J. HENDERSON & another.

Bristol.    Oct. 28, 1884. — Jan. 8, 1885.    C. ALLEN & COLBURN, JJ.,
                                  absent.

A minor signed an instrument in writing, acknowledging the receipt of a vehicle from H., for the use of which he agreed to pay $50 per month, and, when the payments amounted to $675, with interest, the vehicle was to become his property. The vehicle was delivered to him, on payment of $175, and he used it in his business. About a month after the agreement was signed, the minor offered to return the vehicle to H., and demanded back the money he had paid. H. refused to receive it; and the minor brought an action against him to recover the money he had paid, but continued to use the vehicle in his business for about two weeks after the date of his writ, when H. took possession of it. *Held*, that the action could be maintained; and that the defendant was not entitled to recoup for the use of the vehicle while in the possession of the minor.

CONTRACT to recover the sum of $175 paid by the plaintiff, a minor. Writ dated January 9, 1883. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, on agreed facts, in substance as follows:

The plaintiff was born on July 8, 1862. On September 22, 1882, he signed the following lease:

" Received of Henderson Brothers the following described property, to wit, one glass and curtain side barge named Village Queen, and I am to hold the above-described property solely as the property of said Henderson Brothers, for the use

of which I promise to pay said Henderson Brothers the sum of fifty dollars per month, and agree that all payments made by me for the use of said property shall be indorsed on this receipt, and when the sum so paid by me shall amount in the aggregate to the sum of six hundred and seventy five dollars, with interest from the date of this receipt, then said Henderson Brothers shall sell and deliver to me the property above described; but until such payment is made by me I neither claim nor can I acquire any title whatever to the property above named. I also promise to return the above-named property to said Henderson Brothers, on demand, without cost to them. I also agree to pay two hundred dollars for the first month's use of same."

The following was indorsed on the instrument: " September ?2, 1882, cash $175."

At the time of signing the lease, the plaintiff paid to the de‹endants the sum of $175, and upon said payment the barge ‹lescribed in the written instrument was delivered to him. He bought the same for the purpose of establishing a new stage line and of carrying passengers from Easton to Brockton, and used the same upon said stage line up to January 22, 1883, when it was taken possession of by the defendants.

On or about October 18, 1882, one Pinkham, at the plaintiff's request, called on the defendants and informed them that the plaintiff was a minor; that he wanted the money paid on account of the barge returned to him ; and that he would return the barge to the defendants upon such repayment. This the defendants refused to do. Thereupon the plaintiff, through his attorney, entered into a correspondence with the defendants, and on November 24, 1882, wrote to the defendants informing them that the plaintiff intended to repudiate his contract because he was a minor, and demanded the return of the sum so paid by him, and offered to return the barge upon the repayment of said money, which offer was refused by the defendants. The defendants have not repaid the plaintiff the said sum of $175, although they subsequently took possession of the barge.

If the plaintiff was entitled to maintain the action, judgment was to be entered for him for $175, or for any less sum, with interest from the date of the writ; otherwise, for the defendants.

*L. C. Southard*, for the plaintiff.

*J. W. O'Brien*, for the defendants.  1. An infant who has paid the consideration for a contract in advance, although he may avoid the contract, cannot recover back the consideration. *Holmes* v. *Blogg*, 8 Taunt. 508.  *Ex parte Taylor*, 8 DeG., M. & G. 254, 257.  *Wilson* v. *Kearse*, Peake Ad. Cas. 196.  *Breed* v. *Judd*, 1 Gray, 455.  *Moley* v. *Brine*, 120 Mass. 324.  1 Pars. Con. (7th ed.) 361.  Met. Con. 48.  1 Chit. Con. (11th Am. ed.) 204.

2. If the plaintiff can maintain the action, the defendants are entitled to deduct from the amount they have received a reasonable compensation for the use of the barge.  *Vent* v. *Osgood*, 19 Pick. 572, 577.  *Hall* v. *Butterfield*, 59 N. H. 354.

MORTON, C. J.  The paper, which in the statement of facts is called a lease, is merely a receipt of the plaintiff acknowledging that he had received a barge of the defendants, and stating the terms and conditions upon which he was to hold it.  It shows that the transaction between the parties was a conditional sale of the barge for the price of $675; that the sum of $175 was paid as a part of the consideration; that the balance was to be paid by future instalments; and that, when fully paid, the barge was to become the property of the plaintiff.  *Bailey* v. *Hervey*, 135 Mass. 172.

The contract made by the plaintiff was not a contract for necessaries, nor one which was necessarily beneficial to him. He had therefore the right to avoid it at his election.  *Bradford* v. *French*, 110 Mass. 365, and cases cited.  *Gaffney* v. *Hayden*, 110 Mass. 137.  *Chandler* v. *Simmons*, 97 Mass. 508.

In less than a month after the sale, the plaintiff notified the defendants of his intention to avoid the contract, and offered to return the barge to them.  The defendants refused to receive it, but afterwards, at the expiration of four months from the sale, did take possession of it.  The defendants have the barge, and they cannot also retain the amount paid as a part of the consideration for it.  The effect of the avoidance by the plaintiff was to make the contract void *ab initio*.  *Vent* v. *Osgood*, 19 Pick. 572.  He is in the position of an infant who has paid money under a void contract and without consideration, and is entitled to recover it back.  In no other way can he receive the

protection which the law affords him against contracts which he is deemed incapable of making by reason of his infancy.

The defendants contend that the plaintiff cannot recover the full sum paid by him; but that the defendants are entitled to deduct a reasonable compensation for the use of the barge while it was in his possession and use. It is clear that, if the plaintiff had made no advance, the defendants could not maintain an action against him for the use of the property. The contract, express or implied, to pay for such use is one he is incapable of making, and his infancy would be a bar to such suit. We cannot see how the defendants can avail themselves of and enforce, by way of recoupment, a claim which they could not enforce by a direct suit.

We are therefore of opinion that the plaintiff is entitled to recover the amount advanced by him, with interest from the date of the writ. *Judgment for the plaintiff.*