## JOSEPH DUBÉ *vs.* THEOPHILE BEAUDRY.

Essex. November 6, 1889. — January 2, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Infant — Payment of another's Debt — Avoidance of Contract — Agency.*

An infant, with the assent of his mother, agreed to work for a creditor of his deceased father for weekly wages somewhat in excess of what his services were then worth, one half to be paid to him and the other half to be applied by the creditor to the payment of his claim. When the debt had been thus paid the creditor discharged him, his services for the entire time being worth the wages agreed upon. *Held,* that the infant was not precluded when he became of age, as matter of law, from avoiding the agreement, although it had been fully executed, and from recovering the balance of wages due him without restoring the consideration; and that the creditor in paying the wages to himself did not act as the infant's agent.

CONTRACT, upon an account annexed, to recover a balance of wages alleged to be due to the plaintiff from the defendant. Trial in the Superior Court, without a jury, before *Lathrop*, J., who ruled that the plaintiff was not entitled to recover, and found for the defendant; and reported the case for the determination of this court.

If the ruling was erroneous, a new trial was to be granted; otherwise, judgment was to be entered for the defendant on the finding. The material facts appear in the opinion.

*C. Sewall*, for the plaintiff.

*J. M. Raymond*, for the defendant.

FIELD, J. The plaintiff, a minor, with the assent of his mother, agreed with the defendant to work for him for eight dollars a week, one half to be paid to the plaintiff, and the other half to be applied by the defendant to the payment of a debt due to the defendant from the estate of the deceased father of the plaintiff. The judge, who tried the case without a jury, found that the plaintiff's services were not worth eight dollars a week for the first part of the time he worked, but " were worth eight dollars a week for the whole time." The plaintiff's pay was raised from time to time, and, after he had worked for the defendant eight weeks, " his pay was raised to

twelve dollars" a week. The defendant paid him four dollars a week for the whole time he worked, and applied the remainder of his wages to the payment of the debt against the father's estate. At the end of twenty-six weeks, when the debt had been paid, the defendant discharged the plaintiff from his employment. The judge also found that "the agreement was not so unreasonable as to raise any suspicion of fraud"; "that the plaintiff had not been overreached"; and ruled, "as matter of law, that the plaintiff was not entitled to avoid the contract, it having been fully executed." It is clear that the judge found that the whole amount of the wages agreed upon, from time to time, was as much as or more than the plaintiff's services were worth, but that the amount of money paid to the plaintiff was less than his services were worth. It is clear, also, that the plaintiff was not bound to pay his father's debts; that the contract made in this case was not for necessaries, and was not necessarily beneficial to the plaintiff; and that by our decisions, in order to avoid such a contract, it is generally not necessary that the minor put the other party *in statu quo*, or return the consideration received. *Chandler* v. *Simmons*, 97 Mass. 508, 514. *Bartlett* v. *Drake*, 100 Mass. 174. *Gaffney* v. *Hayden*, 110 Mass. 137. *Bradford* v. *French*, 110 Mass. 365. *Walsh* v. *Young*, 110 Mass. 396. *Baker* v. *Stone*, 136 Mass. 405. *McCarthy* v. *Henderson*, 138 Mass. 310.

*Gaffney* v. *Hayden*, *ubi supra*, shows that, if the amount of the wages agreed upon had not been as much as the plaintiff's services were worth, the fact that the plaintiff had received his pay while a minor would not prevent him from avoiding the contract, and suing on a *quantum meruit*. In the opinion, the cases of *Stone* v. *Dennison*, 13 Pick. 1, and *Breed* v. *Judd*, 1 Gray, 455, which the present defendant cites, are considered and distinguished.

It is suggested that the plaintiff's agreement that the defendant should apply a part of the wages to the extinguishment of the father's indebtedness makes the actual application of the wages by the defendant in pursuance of this agreement, and before it was revoked, equivalent to a payment of money by the plaintiff to the defendant for the purpose of extinguishing this debt. It is argued that, if a minor voluntarily pays money under

a contract, he cannot recover the money he has paid, when he has received any benefit from the contract, or any part of the consideration, except by rescinding the contract; and that a contract cannot be rescinded unless the other party is put *in statu quo ;* and that, in the present case, it does not appear that the defendant can be put *in statu quo,* because he may have lost his remedy against the estate of the father. See *Shurtleff* v. *Millard,* 12 R. I. 272; *Robinson* v. *Weeks,* 56 Maine, 102; *Sparman* v. *Keim,* 83 N. Y. 245; *Adams* v. *Beall,* 67 Md. 53; *Ex parte Taylor,* 8 DeG., M. & G. 254. It does not appear that the plaintiff did or could receive any benefit, directly or indirectly, from the payment of his father's debts. It appears that the father died seised of real estate " which he devised to his widow," and which the widow conveyed to his eldest son, the brother of the plaintiff; but it does not appear that the plaintiff was entitled to receive any property from the estate of his father, and therefore it does not appear that the plaintiff had any interest in preventing the defendant from collecting the debt out of the estate of the father. The action is not to recover money paid. The contract, so far as it related to the payment of the father's debt, would, in ancient times, have been held absolutely void, if made by an infant. We think that the principle contended for, whether it is consistent or not with our decisions, is not applicable to this case. It is necessary for the protection of an infant that he should not be bound by a contract to pay out of his earnings the debt of another person, and the defendant had no right to rely upon such a contract, and forego any remedies he might have against the estate of the father. The defendant cannot be said to have acted as agent of the plaintiff in paying the wages to himself, within the principle declared in *Welch* v. *Welch,* 103 Mass. 562, because he still retains the benefit. It is not contended that the mother was entitled to the wages of the plaintiff. By the terms of the report, there must be a new trial.

*So ordered.*