GEORGE J. MORSE *vs.* GEORGE W. ELY.

Hampden.     September 22, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Infant — Contract — Rescission during Minority — Return of Consideration.*

An infant credited his employer on account of wages for moneys due him on an exchange of a horse for a cow, for the services of a stallion and a bull, for a calf, and for pasturage, all at reasonable prices, under contracts fairly made and beneficial to the infant. He sold the cow and the colt resulting from the stallion's service for cash at their full value. *Held,* that during infancy he might elect to avoid the contracts and recover his wages without deduction or putting the defendant *in statu quo.*

CONTRACT, brought by an infant for wages alleged to be due him from the defendant. Trial in the Superior Court, without a jury, before *Bond,* J., who found for the plaintiff for the amount claimed by him, and allowed a bill of exceptions, the substance of which appears in the opinion.

*C. L. Gardner,* for the defendant.

*J. B. Carroll,* for the plaintiff.

BARKER, J.     The plaintiff, when of the age of twenty years and in the employment of the defendant, agreed with him that there should be applied toward the payment of his wages a sum

of $10, the difference between the price of a horse and that of a cow which he received in exchange from the defendant, and also further sums for the services of a stallion and of a bull, and for a calf which he bought of the defendant, and for the pasturage of a horse. These items were credited by the minor in his account with his employer. The contracts from which they resulted were fairly made, the prices were reasonable, and all the contracts were in fact beneficial to the minor. The cow, and a colt resulting from the service of the stallion, have been sold by him at their full value, for cash. Whether he is yet in the possession of the calf does not appear. He has elected to avoid his contracts with the defendant, and has brought this action to recover for his wages, without deduction for any of the items. The question raised by the bill of exceptions is whether, under the circumstances, the defendant is entitled to be credited with their amount.

None of the contracts were for necessaries. The plaintiff had therefore a right to avoid them at his election, and it was not necessary for him, in order so to do, to return the consideration received, or to put the other party *in statu quo*. *Chandler* v. *Simmons*, 97 Mass. 508, 514. *Bartlett* v. *Drake*, 100 Mass. 174, 177. *Walsh* v. *Young*, 110 Mass. 396, 399. *Dubé* v. *Beaudry*, 150 Mass. 448. *Boody* v. *McKenney*, 23 Maine, 517. *Price* v. *Furman*, 27 Vt. 268.

If the sums which the defendant seeks to apply in payment had been actually paid to him in money, the plaintiff, upon rescinding his contracts, could recover them back. *McCarthy* v. *Henderson*, 138 Mass. 310. *Pyne* v. *Wood*, 145 Mass. 558. The defendant cannot avail himself of and enforce, by way of an allegation of payment, contracts which he could not enforce by a direct suit. *McCarthy* v. *Henderson*, 138 Mass. 310. To allow him to do so would be to affirm and enforce against the minor contracts which for his protection the law allows him to rescind.

*Exceptions overruled.*