### HENRY K. WHITE *vs.* NEW BEDFORD COTTON WASTE CORPORATION.

Bristol.    October 22, 1900. — February 27, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

If a plaintiff discontinues an action against one of two defendants and by mistake of remedy proceeds unsuccessfully against the wrong defendant, this is no bar to a subsequent action against the other.

An infant does not lose his right to disaffirm a contract because he cannot put the other party to the contract *in statu quo.*

The subscribers for shares of a corporation that has voted to wind up its business and has transferred all its property to a new corporation formed for the purpose, who receive certificates for shares in the new corporation to the number subscribed for in the first corporation, continue to be stockholders of the first corporation and are not partners in relation thereto.

CONTRACT to recover $1,000 paid by the plaintiff to the defendant upon his subscription while a minor for ten shares of the capital stock of the defendant. Writ dated January 14, 1899.

The case was heard in the Superior Court by *Bell*, J., upon the following agreed facts : The defendant corporation was organized under Pub. Sts. c. 106, on April 30, 1894. The capital

stock authorized by its charter was $75,000, and the par value of its shares was fixed at $100 each.  At the first meeting of the corporation one Caswell was elected treasurer. . Caswell, as treasurer of the corporation, in consideration of an agreement made by the plaintiff to subscribe for ten shares of the capital stock of the corporation, promised and agreed to give the plaintiff a situation as bookkeeper in the corporation, in consequence of which the plaintiff subscribed for the ten shares of stock, and on September 7, 1894, the plaintiff paid therefor to Caswell $1,000. The plaintiff received from the defendant its receipt acknowledging the payment of $1,000, and certifying, that, in consideration of this payment, the plaintiff was entitled to a certificate for ten shares of the capital stock of the corporation.  At the time of the agreement between Caswell and the plaintiff, and at the time of the payment of $1,000 by the plaintiff to the defendant, the plaintiff was under the age of twenty-one years, having been born June 26, 1876.

On August 14, 1894, the defendant took a bond for a deed of land upon which a building was to be erected for carrying on its business, and began the construction of a building, but before the building was completed the defendant learned that an officer of the corporation had made false representations as to the amount of *bona fide* subscriptions for its capital stock.  Thereupon the officers and *bona fide* subscribers for the stock of the defendant and others proceeded to form a new corporation, and under articles of association, dated December 29, 1894, met and organized the Mount Pleasant Mills Corporation, to which a certificate of incorporation was issued January 7, 1895.  The capital stock of the new corporation was the same in amount and in the par value of its shares as that of the defendant.

On May 13, 1895, the defendant voted that its affairs and business be wound up and terminated; a member of the corporation was given full authority to take such action as was necessary to wind up and terminate the affairs and business of the corporation, and he was also authorized to sell and convey all its property to the Mount Pleasant Mills Corporation.  In pursuance of these votes all the property of the defendant, real and personal, was transferred and conveyed to the Mount Pleasant Mills Corporation, upon the agreement and undertaking by the

latter to pay to the former about $11,300 therefor, and that the former should pay back to the latter $11,000, in consideration of which the Mount Pleasant Mills Corporation agreed to issue, at par, certificates of its stock to the amount of $10,000 to such subscribers for the stock of the defendant as had paid in their subscriptions for stock in full, each of such subscribers to have a certificate of stock in the Mount Pleasant Mills Corporation for the same number of its shares as he had fully paid for of the shares of the defendant. These agreements were performed by the respective corporations. The defendant never carried on business, and never issued any certificates of stock to the plaintiff or to anybody else. After having conveyed all its property to the Mount Pleasant Mills Corporation it never acquired any property of any kind. It had never taken any steps for dissolution of the corporation by law.

The plaintiff had full knowledge of the foregoing facts; was present at all the meetings of the corporations, and assented to all the votes of the defendant described above. On July 25, 1895, the Mount Pleasant Mills Corporation issued to the plaintiff a certificate for ten shares of its capital stock, and upon receipt of this certificate the plaintiff surrendered to the Mount Pleasant Mills Corporation his receipt for $1,000 which he had received from the defendant entitling him to ten shares of the capital stock of the defendant.

The Mount Pleasant Mills Corporation received no money or other payment from the plaintiff in consideration of its issuing to him the ten shares of its capital stock which he received from that corporation. That corporation never carried on the business for which it was organized, and its effects were sold at public auction.

On or about January 7, 1896, the plaintiff, while still a minor, served notice upon both corporations that he rescinded on the ground of infancy all contracts and agreements made with either of them, and tendered to each of the corporations the certificate for said ten shares of stock and demanded $1,000 from each of them.

On January 14, 1896, the plaintiff, being still a minor, sued out a writ from the Superior Court of the County of Bristol against the New Bedford Cotton Waste Corporation and the

Mount Pleasant Mills Corporation, in an action of contract for money had and received, for the recovery of the $1,000, and made profert in that court of the ten shares of the Mount Pleasant Mills corporation capital stock, by attaching it to the declaration in his writ.

Upon a hearing of the last named action, the plaintiff discontinued against the New Bedford Cotton Waste Corporation, the present defendant, and prosecuted his suit solely against the Mount Pleasant Mills Corporation.   The court found for the defendant, and the plaintiff appealed.   The case was heard in this court, where the finding for the defendant was affirmed, on the ground that the plaintiff had made no payment to the Mount Pleasant Mills Corporation, his only payment being to the present defendant.   See 172 Mass. 462.

It was agreed that if upon the foregoing facts the plaintiff was entitled to maintain this action, judgment should be entered for the sum of $1,000, with interest thereon from January 14, 1896, the date of the bringing of the former action, to the date of the writ in the present action, January 14, 1899; otherwise, the entry should be judgment for the defendant.

The judge found for the plaintiff, and assessed damages at $1,180 in accordance with the foregoing agreement ; and the defendant appealed.

*M. R. Hitch,* for the defendant.

*T. F. Desmond,* for the plaintiff.

MORTON, J.   The plaintiff, a minor, originally brought suit against the defendant corporation and the Mount Pleasant Mills Corporation.   When that case came to trial he elected to proceed against the Mount Pleasant Mills alone, and discontinued as to the present defendant.   The Mount Pleasant Mills had judgment and the plaintiff appealed and the judgment was affirmed by this court.   The case is reported in 172 Mass. 462, and the material facts are the same in this case as they were in that.   This action was brought after the case against the Mount Pleasant Mills was disposed of.   It is manifest that the discontinuance of the former action against the present defendant and its prosecution against the Mount Pleasant Mills alone, being a mistake in regard to a matter of remedy merely, cannot operate to prevent the maintenance of this action.   *Butler* v. *Hil-*

*dreth*, 5 Met. 49, 52.   If the transaction had stopped with the defendant corporation and the Mount Pleasant Mills had not been organized, we do not understand the defendant to contend that the plaintiff upon disaffirming his subscription and tendering back the receipt would not have been entitled to recover of the defendant the thousand dollars which he had paid.   The defendant's contention is that it voted as it had the right to do to close up its affairs and transfer all its property to the Mount Pleasant Mills; that it made such transfer and received therefor stock in the latter company as agreed; that the plaintiff knew and assented to all that was done and surrendered his receipt to the Mount Pleasant Mills and received from it a certificate of ten shares in that corporation in lieu of the ten shares for which he had subscribed and paid in the defendant corporation, and that he cannot now disaffirm the original transaction and all that has been done and recover back the money paid by him to the defendant.   In other words the defendant's contention is that the plaintiff cannot be allowed to disaffirm and to recover because the defendant cannot be put *in statu quo*, as it is clear that it cannot.   If the plaintiff's right of recovery depends on his putting the defendant *in statu quo* he must fail.   But the right of a minor to disaffirm a contract does not depend on his putting the other party *in statu quo*.   If it did he would lose in many cases the protection which the law affords him by reason of his minority.   *Morse* v. *Ely*, 154 Mass. 458.   *Dubé* v. *Beaudry*, 150 Mass. 448.   *McCarthy* v. *Henderson*, 138 Mass. 310.   *Walsh* v. *Young*, 110 Mass. 396.   *Chandler* v. *Simmons*, 97 Mass. 508, 514.

In some cases it has been held that where the contract was beneficial to the minor and had been executed, he could not disaffirm without putting the other party *in statu quo*.   *Breed* v. *Judd*, 1 Gray, 455.   *Welch* v. *Welch*, 103 Mass. 562.   But this is not such a case.   If it is for the minor to elect whether a contract is beneficial or not, then the plaintiff has exercised his election to disaffirm in this case.   If it is a matter of law whether the contract is to be regarded as beneficial, it clearly · could not be held in this case that it was beneficial.   The defendant contends that after the votes to wind up its business ˎ and after the transfer of its property to the Mount Pleasant Mills, the rights of the stockholders of the defendant corpora-

tion were similar to those of partners upon a dissolution of a partnership. But the corporation was not dissolved and as between themselves or between themselves and others, the members of the corporation were stockholders and not partners. And, in the absence of fraud or misrepresentation on the part of the plaintiff, we do not see how the fact that with his knowledge and assent the defendant corporation has transferred all its property and assets to the Mount Pleasant Mills can estop him from disaffirming what he has done and from maintaining this action against the defendant.

*Judgment affirmed.*