CHARLES GILLIS *vs.* EDWARD F. GOODWIN.

Bristol.    October 28, 1901. — November 26, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Infant.*

An infant who purchases a bicycle under a contract of conditional sale on which he makes default, after the bicycle has been taken from him under the terms of the contract, may avoid the contract and recover the money that he has paid thereunder, although the sum paid would not be an unreasonable compensation for the use of the bicycle while in his possession.

MORTON, J. This is an action by a minor by his next friend to recover certain sums paid by him under a contract for the conditional sale and purchase of a bicycle. The plaintiff failed to perform the contract and the defendant took possession of the bicycle, as he had a right to do under the contract, and now has it. The plaintiff demanded the amount which he had paid, and the defendant refused to pay over the same. There was evidence that the amount paid by the plaintiff would not be an unreasonable sum for the rent and use of the bicycle during the time that the plaintiff had the possession and use of it. The defendant asked the judge to rule that the plaintiff could not avoid his contract, and further asked the judge to find for the defendant. The judge refused both requests, and found for the plaintiff, and the case is here on the defendant's exceptions.

Whatever may be the law elsewhere, (see *Rice* v. *Butler,* 160 N. Y. 578,) it is settled in this State that a minor can avoid a contract like that in this case, and is not obliged to put the other party *in statu quo* or allow anything for the rent and use of the property while in his possession. *Morse* v. *Ely,* 154 Mass. 458. *Pyne* v. *Wood,* 145 Mass. 558. *McCarthy* v. *Henderson,* 138 Mass. 310. *Dubé* v. *Beaudry,* 150 Mass. 448. *Walsh* v. *Young,* 110 Mass. 396. *Chandler* v. *Simmons,* 97 Mass. 508, 514.

The judge must have found that the bicycle and its use did not come under the head of necessaries, and such a finding was plainly warranted as matter of law.

*Exceptions overruled.*

*R. P. Coughlin,* for the defendant.
*W. J. Davison,* for the plaintiff.