SARAH S. SIMPSON *vs.* PRUDENTIAL INSURANCE COMPANY OF AMERICA.

Hampden.    September 23, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Infant.*

An infant may avoid a contract of life insurance and recover the money paid by him as premiums, however reasonable and prudent it may have been for him to take out the policy.

In this Commonwealth an infant in order to avoid a contract is not obliged to put the other party *in statu quo.*    Thus an infant may recover money paid by him as premiums under a policy of life insurance without any deduction for the expense incurred by the insurer in keeping the policy in force.

If, for an infant to avoid a contract of life insurance, the bringing of an action for the premiums paid under the policy is not in itself sufficient rescission and demand, notice of rescission and demand for the premiums through an attorney appointed by the infant are good, at any rate until avoided by him.

MORTON, J.    The plaintiff in this case is a minor and brings this action by her next friend to recover the premiums paid by her on a life insurance policy issued to her by the defendant.    The case was heard upon agreed facts, and judgment was ordered for the defendant and the plaintiff appealed.    The policy was what is termed a twenty year endowment policy for $500, and the agreed facts state that there was no fraud or undue influence practised upon the plaintiff by the defendant or its agents, and that the contract was a reasonable and prudent one for a person in the plaintiff's situation and condition in life.    Before the action was brought the plaintiff through her attorney had notified the defendant that she repudiated the policy and the contract contained in it, and demanded a return of the sums that she had paid as premiums.    The premiums paid amounted to $54, and it is agreed that the expense to the

defendant of keeping the policy in force was $28.72. The defendant contends that this should be deducted from or set off against the premiums if the plaintiff is allowed to recover for them.

It is manifest, we think, that however reasonable and prudent it may be for an infant to take out a policy of life insurance, it does not come within the class of necessaries, or within the class of contracts which have been held as matter of law to be beneficial to and therefore binding upon an infant. It is only when the contract comes within the class of contracts which as matter of law are binding upon an infant that the question of its reasonableness and prudence is material. *Tupper* v. *Cadwell,* 12 Met. 559.

The defendant contends that the contract having been executed in part at least the plaintiff cannot recover without making the defendant whole for the expense to which it has been subjected. But that would be compelling the plaintiff to carry out to that extent a contract which is not binding on her and which she may avoid. *Morse* v. *Ely,* 154 Mass. 458.

It is well settled in this Commonwealth, whatever may be the law elsewhere, that in order to avoid a contract an infant is not obliged to put the other party *in statu quo. Gillis* v. *Goodwin,* 180 Mass. 140, and cases cited. *White* v. *New Bedford Cotton Waste Co.* 178 Mass. 20.

The defendant further contends that there has been no rescission because the notice and demand were made by an attorney, and an infant cannot appoint an agent or attorney and the authority of a *prochein ami* is only commensurate with the writ. *Cassier's case,* 139 Mass. 458. *Miles* v. *Boyden,* 3 Pick. 213. *Burns* v. *Smith,* 29 Ind. App. 181. 1 Am. & Eng. Encyc. of Law, (2d ed.) 940.

If we assume that the bringing of the action did not of itself constitute all the rescission and demand that was necessary, then we are of the opinion that the appointment of an agent for the purpose of giving notice of rescission and making a demand was not such an act under the circumstances of this case as could be held as matter of law to be prejudicial to the plaintiff and therefore void but that it was at the most only voidable, and therefore the notice and demand until avoided by the plaintiff would

be sufficient. *Whitney* v. *Dutch,* 14 Mass. 457. *Towle* v. *Dresser,* 73 Maine, 252.

*Judgment reversed and judgment for the plaintiff.*

*N. P. Avery,* for the plaintiff.

*H. P. Small,* for the defendant.