*W. W. Boynton,* for plaintiff.

*Squire, Sanders & Dempsey,* for defendant.

## PREMIUMS PAID BY INFANT ON LIFE INSURANCE POLICY RECOVERABLE.

[Circuit Court of Portage County.]

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA V. FRANK R. FULLER, A MINOR, BY J. C. YEEND, HIS DULY APPOINTED GUARDIAN.

Decided, February Term, 1907.

*Life Insurance—Repudiation by Minor of Contract for—Action for Recovery of Premiums Paid—Others Minors Having an Interest in a Voidable Contract not Necessary Parties—Misjoinder of Causes of Action—Infants—Vested Rights of Beneficiaries.*

Upon repudiating his contract of life insurance and surrendering to the company its policy therefor an infant may recover the whole amount of premiums paid by him thereon.

Mr. Arthur S. Mottinger contended in his brief for plaintiff in error—

(1) That the beneficiaries named in the several policies of insurance are necessary parties plaintiff; that if the infant Fuller is permitted to repudiate his contract of insurance and sue to recover the premiums paid, then the beneficiaries named in the separate insurance policies are necessary parties to the suit before a recovery of the premiums paid can be had by the infant and the contractual relations between the insured and insurer canceled, in order to release the insurance company from any future liability to the beneficiary; that the rights of a beneficiary in a policy of insurance and the amount to be paid at the death of the insured are vested rights upon the taking effect of the policy and that these rights can not be defeated by the separate

or combined acts of the insured and insurance company without the consent of the beneficiary. *Holland, Guardian*, v. *Taylor*, 111 Ind., 121; *Trabendt* v. *Connecticut Mutual Life Ins. Co.*, 131 Mass., 167; *North American Life Ins. Co.* v. *Wilson*, 111 Mass., 542; *Joyce on Insurance*, Section 730; *Manhattan Life Insurance Co.* v. *Smith*, 44 O. S., 156; Gass v. U. S. Life Ins. Co., 3 Ohio Nisi Prius, 216; *Connecticut Mutual Life Insurance Co.* v. *Luchsn*, 108 U. S., 498; *Aetna Life Ins. Co.* v. *France*, 94 U. S., 562; *Bliss on Insurance*, Chapter 10, page 517; *Glanz* v. *Gloeclar*, 104 Ill., 573; *Hume* v. *Central Bank of Washington*, 128 U. S., 195; *Bacon on Life Insurance*, Section 292; *Aetna Life Insurance Co.* v. *Penn*, Nisi Prius and General Term Reports, 16 Dec., 275; *Vance on Insurance*, page 390.

(2)   That there is a misjoinder of parties plaintiff (if the beneficiaries are necessary parties) and of causes of action. Inasmuch as there are different policies of insurance taken at different periods of time, and upon the lives of different persons, and the beneficiaries named in the different policies are different persons, that suit upon these different policies must be brought separately. It was further contended that the several contracts of insurance sued upon did not grow out of the same transaction, are not connected with the same subject of action, and do not affect all the parties who should be joined in the action. Section 4993, R. S.

(3)   As to the minor's right to rescind a contract of insurance and recover premiums paid, it was contended that even a minor, before he can rescind a contract, which as to him might be voidable, must so far as in his power lies put the opposing party in *statuo quo;* that before a recovery can be had, in any event, in this case the plaintiff must tender back all he and the beneficiaries received under the policies and he must also relieve and release the insurance company from all liability upon his part and upon the part of the beneficiaries. *Kent. Com.*, Vol. 2, page 240; *Bishop on Contracts*, paragraph 921; 22 of Cyc, 617; *Robinson* v. *Weeks*, 56 Me., 102; *Heath* v. *Stevens*, 48 N. H., 251; *Adams* v. *Beall*, 67 Md., 53; *Chitty on Contracts*, Vol. 1, page 222; *Rice* v. *Butler*, 160 N. Y., 578; 16 Am. & Eng. Enc. of Law, 2d Edition, 295 and 296; 21 of Mo., 404; 15 of Gray, 445;

*Chicago Mutual Life Indemnity Ass'n et al* v. *Hunt,* 127 Ill., 257; *Johnson* v. *Northwestern Mutual Life Ins. Co.,* 56 Minn., 372; 59 North Western Reporter, 992.

Mr. W. J. Beckley, for the minor, addressed himself to the question, "Can a minor recover for monies paid upon life insurance policies?

Life insurance is not a necessary and the minor may repudiate the contract and recover back the monies paid, even though the contract has been executed. *Page on Contracts,* Vol. 2, page 1340, paragraph 866; also page 1344; *Simpson* v. *Prudential Insurance Company,* 184 Mass., 348; 68 N. E. Reporter, page 673; 100 American State Reports, 560, and notes.

Fire insurance is not a necessary for which a minor can make a valid contract. *Page on Contracts,* 1343. See also *16th American & English Enc. of Law,* 2d Edition, page 276.

We concede that the contracts of minors, as a rule, are only voidable in Ohio. *Harner* v. *Dipple,* 31 O. S., 72; *Rush* v. *Wait,* 31 O. S., 521.

The minor must return such of the property as he may have in his possession or under his control, but if the same has been lost or taken from said minor, or is of such a character that it can not be restored in kind, he may still dis-affirm the contract and recover back the consideration paid by him without making restitution. *Lemmon* v. *Beeman,* 45 O. S., 505. See opinion of court, page 509; *MacGreul* v. *Taylor,* 167 U. S., 689.

In this case the minor has deposited in court the insurance policies and made all the restitution that it was within his power to make.

Cook, J.; Laubie, J., and Burrows, J., concur.

Error to Portage Common Pleas Court.

Frank R. Fuller, a minor eighteen years of age, took out several policies of insurance in the plaintiff company, he paying all the premiums; some of them were upon his own life for the benefit of his brothers and sisters, who were also minors younger than himself, and some of them upon the lives of his brothers and sisters, for his own benefit. His father and mother were dead, and, being the eldest child, looked after the interests of his brothers and sisters.

Young Fuller, becoming dissatisfied with his contract of insurance, repudiated the same, and demanded of the company that it pay back to him the amount of premiums that he had paid running over a period of about three years and amounting to one hundred dollars, on the ground that he was a minor when he made the contract and paid the premiums. This the company refused to do. No fraud is claimed.

The principal errors assigned are, that the court erred in overruling the demurrer to the petition and in directing a verdict for plaintiff below for the full amount of his claim. These grounds of error raise but the one question and that is: May a minor repudiate his contract of insurance and recover back the premiums paid and, if so, must he deduct the expenses incurred for carrying the risk during the time the insurance continued before such repudiation?

It should be stated that plaintiff below tendered back to the insurance company all the policies of insurance issued and deposited the same in court for its benefit.

The first claim made on behalf of the company is that the brothers and sisters having an interest in the contract and policies, or at least in some of them, and not being parties to the action, the contract can not be repudiated and the policies canceled, in this action or in any action without their consent.

It is no doubt true that generally the beneficiary has a vested interest and that nothing can be done to prejudice such interest without the consent of the beneficiary, except in case where the policy or the rules of the company provide otherwise. But that principle does not apply to a case of this character. These bene-, ficiaries are mere volunteers. They paid nothing. They and the company knew that the contract was voidable at the option of the minor at any time before or at the time he attained his majority. The claim of the plaintiff in error that the company is still liable to these beneficiaries after the repudiation by the minor making the contract is therefore, we think, wholly untenable. Counsel in their exhaustive brief have furnished us no authority to that effect and the claim is against principle and reason. Furthermore the guardian has tendered to the company all of the policies and deposited them in court for the company,

presumably with the consent of the beneficiaries, so far as the beneficiaries, who are all minors, could give their consent.

It is again claimed that the company, in the absence of fraud, has a right to retain from the amount of premiums paid by the infant the necessary expense of carrying the risks and that the plaintiff below is only entitled to the excess; and this claim has some support in the adjudicated cases.

The solution of the question turns on what are the rights of the infant who has lost or squandered what he has received as the consideration for his contract. Must he return what he has not the power to return, or must he permit the other contracting party to retain that which has proved of no benefit to him or has been wasted? If so, the shield of infancy would be of little value.

This claim is no doubt in accord with the English rule and has some countenance in the decisions of some of the states.

The case of *Johnson* v. *Northwestern Mutual Life Insurance Company*, 56 Minn., 365 (59 N. W. R., 992), is the leading case holding to this rule. In that case it was held:

"Where the personal contract of an infant is fair and reasonable and free from any fraud, overreaching, or undue influence by the other party, and has been wholly or partly executed on both sides so that the infant has enjoyed the benefits of it, but has parted with what he received; or the benefits received are of such a nature that he can not restore them, he can not recover back what he has paid."

In accordance with that holding the infant in that case was ordered to account for the current annual risk assumed by the company under its policy.

The case of *Simpson* v. *Prudential Insurance Company of America*, 184 Mass., 348, is directly in conflict with *Johnson* v. *The Northwestern Mutual Life Insurance Company*. In that case it was held:

"1st. An infant may avoid a contract of life insurance and recover the money paid by him as premiums, however reasonable and prudent it may have been for him to take out the policy.

"2. In this commonwealth an infant to avoid a contract is not obliged to put the other party in *statu quo*. Thus an infant may recover money paid by him as premiums under a policy of life

insurance without any deduction for the expenses incurred by the insurer in keeping the policy in force.''

In the opinion it is said:

''The defendant contends that the contract having been executed in part at least, the plaintiff can not recover without making the defendant whole for the expenses to which it has been subjected. But that would be compelling the plaintiff to carry out to that extent a contract which is not binding on her and which she may avoid. *Morse* v. *Ely*, 15 Mass., 458.''

This decision seems to be in accord with the adjudications in most of the states. English & American Encyclopedia of Law, Vol. 16, page 293, where the decision are collated.

The case of *Lemmon* v. *Beeman*, 45 O. S., 505, would seem also to be in accordance with the case of *Simpson* v. *Prudential Insurance Company of America, supra,* and, if so, is determinative.

We might add that, while we have passed upon the question, it is doubtful if it is raised by the pleadings as the answer makes no claim for anything for the expenses of carrying the risks.

Judgment affirmed.

*Arthur S. Mottinger,* for plaintiff in error.

*W. J. Beckley,* for defendant in error.