HOWARD F. LINK v. NEW YORK LIFE INSURANCE COMPANY.[1]

January 29, 1909.

Nos. 15,820—(160).

**Recovery of Insurance Premiums Paid—Minor.**

This, an action brought to recover life insurance premiums paid by plaintiff when an infant, is *held* to be controlled by Johnson v. Northwestern Mutual Life Insurance Co., 56 Minn. 365. On the findings of the trial court and the notice of appeal a new trial must be granted. Plaintiff is precluded from disaffirming the contract by his conduct subsequent to his maturity, unless relieved from its consequences by facts in connection with alleged fraud.

Action in the municipal court of St. Paul to recover $156.96 paid by plaintiff while a minor as premiums upon a policy of insurance upon his life. The complaint alleged fraudulent representations on the part of defendant's agent, a train dispatcher in the office of a railroad company for which plaintiff was working as telegraph operator, and that plaintiff, immediately after he became of age, disaffirmed the contract, and notified defendant thereof. The answer denied the fraud, and set up various payments by plaintiff upon the policy after he arrived at his majority. According to his application the plaintiff reached his majority on September 30, 1905. According to his testimony

[1] Reported in 119 N. W. 488.
107 M.—3

on the trial he became of age on September 30, 1907. He disaffirmed the contract on February 6, 1908. The case was tried before Finehout, J., who made findings and as conclusions of law found that the policy in question was not a necessity to the infant plaintiff at the time he procured it; that he took it under a species of duress and that it was improvident for him to take it in view of his pecuniary situation at the time; that when plaintiff took the policy, he didn't understand it and believed he was securing greater benefits than the policy in terms gave him, and, on coming of age, he disaffirmed it within a reasonable time and tendered back the policy; that plaintiff is entitled to the sum demanded. From an order denying defendant's motion for an order vacating the decision of the court and granting a new trial, it appealed. Reversed.

*Brown, Albert & Guesmer,* for appellant.

*W. E. Barnacle* and *Harris Richardson,* for respondent.

JAGGARD, J.

Plaintiff and respondent brought action to recover back premiums paid by him to the defendant and appellant on a life insurance policy. He claims that he was a minor when the policy was delivered. His application stated that he was nineteen years of age. On trial he testified that he was then in fact two years younger. During his minority, when the premiums were paid, the policy was at his request changed so as to run in favor of his wife, instead of his mother. About three months and twenty one days after he became of age he disaffirmed the contract. Prior to that time, and after his minority, he wrote a letter to the defendant applying for a loan on the policy, and stating that he did not request any assistance on the payment of the premium next due. The loan was not in fact made. The trial court ordered judgment for the plaintiff in amount asked for. This appeal was taken from the order denying the defendant's motion for a new trial.

This appeal is controlled by Johnson v. Northwestern Mutual Life Ins. Co., 56 Minn. 365, 57 N. W. 934, 59 N. W. 992, 26 L. R. A. 187, 45 Am. St. 473. It was there held that "where an infant seventeen years old obtains a policy of insurance, upon which he pays the premium and makes several semiannual payments during his minority, but disaffirms the contract immediately upon his becoming of full age, and

offers to surrender the policy to the insurance company, and demands the return of the money so paid, he can, in case of refusal, maintain an action for its recovery." On reargument the original decision was over- ruled. It was held (per Mitchell, J.): "Where the personal contract of an infant is fair and reasonable, and free from any fraud, over- reaching, or undue influence by the other party, and has been wholly or partly executed on both sides, so that the infant has enjoyed the benefits of it, but has parted with what he received, or the benefits received are of such a nature that he cannot restore them, he cannot recover what he has paid." Defendant has directed our attention to Simpson v. Prudential, 184 Mass. 348, 68 N. E. 673, 63 L. R. A. 741, 100 Am. St. 560. An examination of that case has tended to confirm the propriety of adhering to Judge Mitchell's views on this subject. However, plaintiff advises us that he "stands upon the Johnson case and asks the court to adhere to its principles and doctrines."

Three considerations are urged as differentiating the application in this case of the rule as there laid down. Of these, the first is without merit, namely, that the beneficiary was not the estate of the assured, but originally his wife, and finally his mother. In case of death, the money could not have gone to the insured personally; and it is not here material whether it went to his estate, or to persons designated by the intestate act or by his will, or to persons named by him during his life. In case of distribution during his lifetime, the proceeds would have gone to his mother, whom he was under obligation to aid when the policy was taken.

In the second place it is urged that the lower court found that fraud- ulent and deceptive "misrepresentations were made to him [respond- ent] by appellant through its agent" in procuring this contract of insur- ance. The trial court did not so expressly find. It found that the in- surance was taken under a "species of duress." Viewed most favora- bly to the plaintiff, the evidence tended to show that plaintiff took the insurance because he was afraid that he would otherwise lose his posi- tion with a railroad company. No facts were proved or found which reasonably could be, or which were, contended to constitute legal duress.

In the third place the trial court did find that "it was improvident for [the assured] to take it [the policy] in view of his pecuniary situa-

tion at the time." The annual premium was $39.24. Plaintiff was earning $600 a year. He was "required to aid his parents as much as he could." There was nothing in this situation or in the character of the contract which renders the policy an improvident one for the plaintiff to procure. Elliott, Ins. § 11. It follows that a new trial must be, and it is, hereby ordered.

It will conduce to certainty on that trial to here express the opinion that in view of the delay during which plaintiff enjoyed the profits of insurance he had taken, and in view of his letter to the company written after his majority, he is in no position to disaffirm the contract and recover back the premiums he had paid, unless relieved by facts in connection with alleged fraud.

Reversed.