ALFRED S. BENSON *vs.* WILLIAM A. TUCKER & others.

Suffolk. March 6, 1912. — May 24, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Infant. Contract,* Validity, Rescission. *Agency. Stockbroker.*

After a minor at different times has paid to a stockbroker sums of money to be used in a series of transactions in which under specific orders of the minor the stockbroker buys designated shares of corporate stock, receives certificates thereof on the minor's behalf, sells those shares and buys others, which sub-sequently he sells, and pays to the minor as the net result of the transactions a sum of money less than the amount paid to him by the minor, the minor may rescind all the transactions and may recover from the stockbroker the difference between the amount he had paid to the stockbroker and the amount he had received from him.

CONTRACT for money paid to the defendants, a firm of stock-brokers, by the plaintiff while under age, to be used in the purchase and sale of shares of stock designated by the plaintiff. Writ in the Municipal Court of the City of Boston dated October 22, 1910.

On appeal to the Superior Court the case was heard by *Crosby,* J., without a jury, upon an agreed statement of facts, from which the following facts appeared.

The plaintiff was born on October 27, 1889. On August 16,

1909, he gave to the defendants an order to purchase for him ten shares of a certain corporate stock and paid to them for that purpose $868.75, and the defendants on the same day purchased the shares for the plaintiff from certain other brokers in the open market for the designated sum, and upon receipt of the stock certificates placed them in a private envelope marked with the plaintiff's name, separate and apart from their own securities, and held them at his disposal. Subsequently the shares were sold by the defendants for the plaintiff upon his order at a slight profit, and, with the proceeds thereof and some further cash provided by the plaintiff, the defendants purchased for him in the same manner twenty shares of another corporate stock. There were several further transactions of purchase and sale, all conducted in the same manner and during the plaintiff's minority. The plaintiff from time to time drew from his account with the defendants various sums in cash, aggregating $397.40, the account finally being closed on October 20, 1910, upon which date he received from the defendants a check for $171.25. The net result of the transactions was a loss to the plaintiff of $471.35.

On October 22, 1910, Sophia Benson, the plaintiff's mother, was appointed his temporary guardian and on the same day she demanded from the defendants in the name of the plaintiff the return of $471.35.

The defendants asked for the following rulings:

"1. Relations between the defendants and Alfred S. Benson were those of principal and agent.

"2. The facts disclosed an executed agency which cannot be avoided.

"3. The facts disclosed payment by an infant's direction which cannot be avoided after the infant becomes of age."

The judge refused the rulings and found for the plaintiff in the full amount claimed with interest. The defendants alleged exceptions.

*L. A. Ford,* for the defendants.

*A. L. Woodman,* for the plaintiff.

BRALEY, J. The appointment of the defendants as his agent by the plaintiff, who is a minor, to buy and sell for him certain shares of copper stocks was under our decisions not void but voidable only at his option, and the notice of disaffirmance given in the plaintiff's

behalf by his guardian, even if delayed until all the transactions between the parties had been adjusted was a sufficient rescission. *Whitney* v. *Dutch,* 14 Mass. 457, 461. *Simpson* v. *Prudential Ins. Co.* 184 Mass. 348. The defense is, that the plaintiff's money which he advanced with the first order having been invested as he directed, and his subsequent orders having been duly executed he cannot rescind. If in *Breed* v. *Judd,* 1 Gray, 455, and *Welch* v. *Welch,* 103 Mass. 562, it was held, that an executed contract beneficial to the minor could not be rescinded unless he restored the consideration, the plaintiff did not receive any of the shares of stock which the defendants purchased for him, and no inference can be drawn, that after his incapacity had been removed he intended to ratify the acts of his agents. *Gibson* v. *Soper,* 6 Gray, 279, 283. *Todd* v. *Clapp,* 118 Mass. 495. The money received from the defendants as the net result of all the purchases and sales, never equalled the amount of the first advancement. A substantial loss resulted, and neither as matter of fact nor as matter of law has the plaintiff been benefited. *White* v. *New Bedford Cotton Waste Co.* 178 Mass. 20, 24. The law because of his minority confers upon him the unqualified right to disaffirm the agreement, and the judgment of the Superior Court should be affirmed. *Dubé* v. *Beaudry,* 150 Mass. 448. *Gillis* v. *Goodwin,* 180 Mass. 140.

*So ordered.*