On the nineteenth day of December, 1923, the Honorable WILLIAM CUSHING WAIT, one of the Justices of the Superior Court, was appointed a Justice of this Court, and on the seventh day of January, 1924, took his seat upon the bench at the sitting of the Court at Boston for the Commonwealth.

## GEORGE S. CARPENTER *vs.* LOUIS GROW.

Suffolk.   October 16, 1923. — December 19, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, & PIERCE, JJ.

*Infant.   Contract,* Conditional, Disaffirmance, Implied.   *Conversion.*

A minor entered into a contract in writing of conditional sale by which there was delivered to him an automobile in return for which he made a cash payment, delivered to the vendor another automobile valued at $850, and gave promissory notes for the balance of the purchase price. The vendor sold the automobile delivered to him by a contract of conditional sale and afterwards retook possession of it for breach of that contract. The minor's father paid one of the notes given by the minor. The vendor resold the automobile received from the minor for cash. Thereafter the minor redelivered to the vendor the automobile he had received from him, disaffirmed his contract and demanded back the amount which he had paid in cash, the amount which his father had paid, and the automobile which he had delivered to the vendor. The vendor refusing to satisfy the demand, the minor brought an action against him to enforce the claim. *Held,* that
   (1) Since, at the times of the sale and the resale by the defendant of the automobile the plaintiff had delivered to him, the defendant was holding

that automobile under an existing valid contract not yet disaffirmed by the minor, the minor could not recover the proceeds thus realized by the defendant on the ground that such sale and resale were conversions;

(2) The minor was entitled to recover the value of the automobile which he had delivered to the vendor as of the date of the contract which he made with the defendant, and the amount of cash which he paid at the time of the making of that contract.

CONTRACT by a minor, with a declaration in three counts described in the opinion. Writ in the Municipal Court of the city of Boston dated March 14, 1921.

On removal to the Superior Court, the action was tried before *Morton,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

" 1. If it appears that $60 of the $110 alleged to be owed by the defendant to the plaintiff for money received by the defendant to the plaintiff's use, as set forth in the first count of the plaintiff's declaration, was paid to the defendant by the father of the plaintiff from his own funds, the plaintiff cannot recover that amount of the defendant.

" 2. Unless it appears affirmatively that the title to the Dodge automobile was in the plaintiff, George S. Carpenter, at the time of the execution of the conditional contract of sale, the plaintiff cannot recover upon the third count of his declaration.

" 3. If the jury find that the title to the Dodge automobile was in Hubbard Carpenter, father of the plaintiff, and that Hubbard Carpenter ratified the sale of said Dodge automobile by the plaintiff, then the plaintiff cannot recover on the third count of his declaration.

" 4. Upon all the evidence the plaintiff cannot recover on the first count of his declaration.

" 5. Upon all the evidence the plaintiff cannot recover on the third count of his declaration."

There was tried at the same time with this action an action of tort for conversion of the automobile delivered by the plaintiff to the defendant. At the close of the evidence, the trial judge permitted the plaintiff to become nonsuit in the tort action.

The jury found for the plaintiff in the sum of $910.50, and, by agreement of the parties, the trial judge reported the action for determination by this court.   If he was wrong in ruling that the plaintiff could not recover, under the second count of the declaration, the amounts received by the defendant from sales of the Dodge automobile, the verdict was to be increased by $100.   If his other rulings were incorrect, " then such entries are to be made as justice may require."

*J. C. Johnston*, for the defendant.

*E. C. Thayer*, (*G. A. Furness* with him,) for the plaintiff.

DeCourcy, J.   George S. Carpenter, a minor, on September 30, 1920, entered into a written contract of conditional sale with the defendant for the purchase of a Stutz automobile for $1,450.   He obtained possession, and in payment delivered to the defendant a Dodge roadster, for which he was credited with $850; paid $50 in cash, and gave his ten promissory notes for the balance, payable respectively on the thirtieth day of each succeeding month.

The defendant sold the Dodge automobile on October 15, 1920, to one King on a contract of conditional sale for $900. After King had paid $350, the defendant retook possession for breach of the contract.   Prior to November 1 the plaintiff, who had been a student at Harvard College, returned to his home in Chicago, and informed his father, Hubbard Carpenter, of all the details of the transaction. The first of the plaintiff's notes became due October 30; and on November 5, Hubbard Carpenter sent his own check in payment therefor, " in order to protect my equity." On February 23, 1921, the defendant again sold the Dodge roadster to one Stonberg for $550 in cash.   Subsequently the plaintiff disaffirmed the contract of September 30, 1920, and demanded back the Dodge roadster and the $110 which had been paid.   After the demand was refused, he brought this action by his father and next friend.

The declaration was in three counts: the first to recover said $110 paid by the plaintiff and his father; the second for the proceeds received by the defendant from his two sales of the Dodge roadster; and the third for the value of said Dodge car.   The jury found for the plaintiff in the sum of

$910.50. We assume from the verdict that the jury found this plaintiff was owner, and not merely bailee, of the Dodge roadster. Such is the allegation in the declaration; and the father, the only other possible owner, is prosecuting the action as next friend. Further, the exceptions expressly state that " There was evidence that at the time of its delivery to the defendant, the Dodge roadster automobile was the property of George S. Carpenter and that he was then rightfully entitled to its possession. There was no evidence that he was not then rightfully entitled to its possession." If there was other evidence on this issue, not set forth in the report, we must assume that it was properly dealt with in the charge.

We have the case, then, of a minor who disaffirmed a contract, whereby he had transferred a Dodge automobile owned by him. *White* v. *New Bedford Cotton Waste Corp.* 178 Mass. 20. *Simpson* v. *Prudential Ins. Co. of America,* 184 Mass. 348. *Knudson* v. *General Motorcycle Sales Co. Inc.* 230 Mass. 54. *Godfrey* v. *Mutual Finance Corp.* 242 Mass. 197. He concedes that he has no rights against either the property or transferree, because the defendant had sold the automobile to Stonberg, a *bona fide* purchaser for value, before said disaffirmance. See the sales act, G. L. c. 106, § 26. Williston on Contracts, § 233. The trial judge ruled that he could not recover under his second count the amounts received by the defendant from sales of the Dodge roadster, but that he could recover under the third count the market value of said automobile on the date of the contract, September 30, 1920. The correctness of these rulings is now before us for determination.

The plaintiff cannot recover the proceeds realized by the defendant on the ground that the sales made to King and to Stonberg were conversions. Even though, speaking generally, the disaffirmance of his contract by a minor relates back to the date of the contract (*Godfrey* v. *Mutual Finance Corp. supra*), there was nothing tortious in any act of the defendant, either in the receipt or disposal of the Dodge automobile. At the time when the defendant sold it, he held it as owner under an existing valid contract. " The subsequent avoidance of the contract under which it had

been done could not convert those acts of the defendant into a tort." *Bartlett* v. *Drake,* 100 Mass. 174, 176. See also *Slayton* v. *Barry,* 175 Mass. 513; *Drude* v. *Curtis,* 183 Mass. 317; *Carr* v. *Clough,* 26 N. H. 280, 295. The cause of action which the plaintiff seeks to enforce is substantially contractual. And in fact, he became nonsuit in the tort action, after the evidence was closed.

It does not follow, however, that the minor is to be deprived of a remedy and so denied the protection which the law intends to afford him, merely because the defendant has disposed of the consideration received by him. It is not disputed that the Stutz car was restored to the possession of the defendant. If he had also retained the Dodge roadster, the plaintiff on rescission could have recovered it. If the consideration paid by the minor had been money, upon disaffirmance he could have recovered an equal sum of money. *McCarthy* v. *Henderson,* 138 Mass. 310. *White* v. *New Bedford Cotton Waste Corp. supra. Benson* v. *Tucker,* 212 Mass. 60. *Smith* v. *Equitable Coöperative Bank,* 219 Mass. 382. Or if the consideration consisted of services rendered by the minor under an express contract, he could avoid the contract and sue on a *quantum meruit. Vent* v. *Osgood,* 19 Pick. 572. *Dubé* v. *Beaudry,* 150 Mass. 448. As the disaffirmance renders the contract void *ab initio* by relation, ordinarily he is restored to the same situation as if the contract had not been made. And while the sales act has deprived him of any rights against the defendant's vendee, Stonberg, it is reasonable to assume that the Legislature did not intend thereby to take away the only remedy remaining against the defendant, namely, that of recovering the value of the Dodge automobile, as of the date of the contract. We are of opinion that the plaintiff was entitled to recover on the third count. *Beickler* v. *Guenther,* 121 Iowa, 419. See *Whitman* v. *Allen,* 123 Maine, 7.

As we construe the report, the foregoing disposes of the questions intended to be raised thereby. There were exceptions taken by the defendant to the judge's refusal to give certain requested instructions to the jury; but the parties have waived their bills of exceptions. Further, it

would be practically impossible to discuss these exceptions on the present record, because the report does not purport to contain all the evidence, or the instructions of the judge on the questions involved in said requests; and we have no means of ascertaining what was the finding of the jury thereon. But it may be stated that plainly the fourth request could not have been given, as the plaintiff could recover at least the $50 paid by him; the first ignores the possibility of the father making the payment as a gift to the plaintiff, or a payment on which there was an express or implied contract to repay; the second does not take into account the plaintiff's right to recover as a bailee; and the third, based on ratification, is not supported by any reported evidence that the plaintiff was or purported to be the agent of Hubbard Carpenter when he made the contract. *Hayward* v. *Langmaid*, 181 Mass. 426. In view of our decision as to the plaintiff's right to recover on the third count of his declaration, the verdict is to stand.

*So ordered.*