STOKES VS. BROWN.

1. INFANCY— CONFIRMATION.— A note given by one during his minority is voidable, but may be confirmed by him on arriving at full age, so that he will thereafter be liable thereon as if he had been *sui juris* when he gave it.
2. SAME.—Any act or declaration which recognizes the existence of the promise as binding is a ratification of it. So where after arriving at full age, the defendant promised to deliver corn on account of the note, fixing the price but not the quantity: *Held*, a ratification of the note.

(4 Chand., 39.)

ERROR to the Circuit Court for *Jefferson* County.

Action of debt by *Stokes* against *Brown* on a sealed note given March 16, 1837, by the latter to the former. The defendant pleaded *nil debit* and *infancy* at the time of giving the note, and to the latter plea the plaintiff replied ratification and confirmation of the contract after the defendant became of age, which was June 3, 1837.

The evidence to support the alleged confirmation is stated in the opinion of the court. The circuit court gave judgment for the defendant, and the plaintiff sued out a writ of error.

*Sleeper & Daniells*, for plaintiff in error, argued that the evidence of confirmation of the contract by *Brown* after arriving at full age, was sufficient to entitle the plaintiff to recover, and cited *Cheshire v. Barrett*, 4 McCord, 241; *Whitney v. Dutch*, 14

Mass., 457; *Martin v. Mayor*, 10 id., 137; *Barnaby v. Barnaby*, 1 Pick., 221; 2 Greenl. Ev., 345. He could not plead ignorance of his right to disaffirm it. *Bilby v. Lumley*, 2 East, 467; *Lundie v. Robertson*, 7 id., 231; *Stevens v. Lynch*, 12 id., 38. A bond given by an infant, upon his arriving at full age may be repudiated, but if ratified by an oral agreement to pay, he is bound. 13 Mass., 239; 2 Greenl. Ev., 345, note 6; 14 Mass., 457.

*D. Noggle*, for defendant in error, argued that a bare acknowledgment or recognition of the existence of a prior contract after arriving at full age was not sufficient ratification, nor was part payment; that nothing less than an express promise to pay the debt in full would suffice; and cited 3 Steph. N. P., 20, 60; Chitty on Cont., 152; 14 Mass., 460; 4 Pick., 48; 10 N. H., 561; 10 Johns., 33; and that the plaintiff should have declared on the new promise. 1 Scam., 486.

Howe, J. To a suit upon a sealed promise to pay twelve hundred and fifty-three dollars, the defendant interposed a plea of infancy. The plaintiff replied a ratification of the promise after the defendant became of age, upon which there was an issue tried and determined by the circuit court for Jefferson county, a jury having been waived.

To maintain the issue on his part, the plaintiff gave in evidence an indorsement upon the note in these words:

"Received, July 17, 1837, of *Joseph Addison Brown*, thirty-five dollars, interest on this note.

"$35          (Signed)          STOGDELL STOKES."

Also the deposition of one William Eastburn who testified, "I heard *Joseph A. Brown*, the defendant, promise *Stogdell Stokes* the payment of the note he owed him, the said plaintiff." He then fixes the time of the promise in December, 1842, and describes the note in suit.

Upon cross examination he testified as follows: "The words that *Brown* used in making the promise mentioned in my ex-

amination in chief were as follows : " *Stogdell Stokes* presented the note he held against *Brown* to him *for payment.* *Brown* stated he had a good crop of corn, and asked *Stokes* if he would take corn on the note. *Stokes* said he would deliver it at *Stokes'* mill, as soon as he could get it threshed." The defendant became of age on the 3d of June, 1837. The suit was commenced in 1847. The circuit court held that the promise proved by Eastburn was not *such* a new promise, nor such a ratification of the promise contained in the note, as entitled the plaintiff to recover, and accordingly gave judgment for the defendant. The plaintiff excepted, and our writ of error has brought the record here.

The error complained of is not that the judge held the evidence insufficient to prove a ratification of the contract. That is a question of fact, and an error in that behalf could not be corrected here. But the judge held that the promise proved did not amount to a ratification, and that was a question of law purely. Upon this question no position can be assumed which has not been controverted by the courts. Some courts have held such a contract to be absolutely void, while others have held it to be voidable.

Admitting the promise to be voidable, courts have differed upon the question whether it was necessary for the promissor to affirm or disaffirm the contract after arriving at full age. Some held it necessary that the promise should be *expressly* affirmed, while others have thought an affirmance might be implied from a neglect to disaffirm within a reasonable time ; but admitting a direct affirmance to be necessary, every possible variety of opinion may be found in the reported cases upon the question as to what acts or what words will amount to such an affirmation or ratification.

It has been held in Pennsylvania, that a confirmation by an infant who was merely security for another must be made with the intent of confirming, and with the knowledge that the act would be void unless he confirmed it, and there should be evi-

dence of a distinct act of confirmation.   11 Serg. & R., 305;
3 Bar., 428.

In South Carolina, on the contrary, where an infant made
a note, and after arriving at age, upon payment being de-
manded, said, "I will pay it as soon as I can make it, but I
cannot do it this year.   I understand that the holder is about
to sue it, but she had better not."   It was held an affirmation
of the contract, and that an action lay presently.   2 Bailey,
114.   It would be difficult, perhaps, to extract a rule from the
cases reported, which would be capable of universal applica-
tion.   It is, however, safe to assert as a principle now well
settled, that the contract declared upon in this suit, is voidable
merely and not void, though made during infancy, as are all
contracts (not otherwise objectionable) which may be beneficial
to the infant.   1 Met., 559; 10 N. H., 561; 8 Green, 405; 11
Wend., 86; 4 McCord, 221; 3 Vt., 353.   And being merely
voidable, if it will not do to say they continued valid until
they are avoided, it is at least safe to affirm that they will be-
come valid when ratified by the party after he shall have
attained full age.

I think it also fair to assume that courts, when conceding to
a party the right to ratify his voidable contract, have intended
to assert something more than the power to make a new con-
tract.   In other words, I think it reasonable to hold that the
right to avoid a voidable contract may be waived by some-
thing short of a new and express promise to perform it.   In
England it is indeed necessary that the ratification should be in
writing, but that is only by force of a very recent enactment,
to wit: 9 Geo. IV, ch. 14, sec. 5.

Apart from that act, it has been said that " any act or decla-
ration which recognizes the existence of the promise as bind-
ing is a ratification of it, just as in the case of agency, any-
thing which recognizes as binding an act done by an agent, or
by a party who has acted as agent, is an adoption of it.   *Har-
ris v. Wall*, 1 Exch., 122.

If this rule be the correct one (and I see no good reason for disturbing it), there cannot be a doubt of the sufficiency of the ratification proved. Upon the argument much importance was attached to the fact that the defendant did not specify the quantity of corn he would deliver, and this case was supposed to be analogous to the case of a part payment, which has been held neither to ratify the contract of an infant or to revive a promise barred by the statute of limitations. But there clearly is no just analogy between the two cases. For it is difficult to understand how the mere act of paying money can be held to recognize or create a liability which it does not extinguish at the same time. In *Hartley v. Wharton*, 11 Ad. & E., 934, the evidence relied upon to show a ratification, was a letter from the defendant in these words: " Sir — I am sory to give you so much trouble in calling, but I am not prepared for you, but will, without neglect, remit you in a short time." And upon full argument upon this omission to name the sum, the court unanimously agreed that it was a sufficient ratification.

But the evidence in this case seems to me to be even less equivocal. The defendant was called upon for payment of the note. His answer to this demand was a promise to deliver corn, taking no care to name the number of bushels, but taking good care to fix the price. If this could be understood as a promise to deliver his crop of corn more or less, or a specified quantity of the same, the price was immaterial to both parties, for in either case the delivery would extinguish all the liability created by the promise, whether the corn was valued at one shilling or one dollar per bushel. I am unable to understand this evidence as showing anything less than a complete recognition of his liability to pay the whole note, which was demanded of him, and an express promise to discharge that liability with corn at an agreed price.

Accordingly the judgment of the circuit court must be reversed, and the cause remanded.