## CALLIS vs. DAY and another.

FORECLOSURE OF MORTGAGE: CONSIDERATION: INFANCY. (1) *What facts conclusive evidence of a consideration.* (2) *Ratification of mortgage of infants.*

Where the defenses in foreclosure were, that there was no valid consideration for the note and mortgage in suit, and that the mortgagors were infants when the instruments were made, it appeared that the mortgage was for purchase money of the land, and that the mortgagors were in possession, and there was no offer by them to restore the land. *Held,*

(1) That these facts were conclusive evidence of a valid consideration.

(2) That, treating the conveyance of the land to defendants, and

their execution of the notes and mortgage for the purchase money, as one transaction, it was *voidable* by them, but *not void;* and their electing to retain possession of the land after reaching their majority was a *ratification* of the whole contract, which made it binding upon them.

APPEAL from the Circuit Court for *Grant* County.

Foreclosure of a mortgage. The answer alleged that the mortgage, and note secured thereby, were without consideration, and that defendants were infants at the time of making them, and had disavowed and revoked them. Reply, that defendants had confirmed the mortgage after majority, and that it was given to secure a part of the purchase price of the mortgaged premises, which, on or about the day of its date, were sold to the defendant *Jeremiah M. Day.*

It appeared that defendants were minors at the time of the execution of the note and mortgage. There was conflicting evidence as to whether the mortgage was given to secure the purchase price of the premises. The court found as facts, among other things, that the instruments were made and delivered to one Bradley, as alleged in the complaint, and by him duly assigned to the plaintiff; that when the same were executed, defendants were infants; that the mortgaged premises were purchased of Bradley by John P. Day, the father of *Jeremiah M. Day*, before the execution of the mortgage, and conveyed to the defendant *Jeremiah M. Day*, instead of to John P. Day, by direction of the latter, such conveyance being by warranty deed, dated on the day of the date of the instruments in suit; and that said instruments were given to secure the payment of $200 of the purchase money agreed to be paid by John P. Day to Bradley for the premises.

The court held that the plaintiff was entitled to judgment of foreclosure; and from the judgment rendered accordingly defendants appealed.

*Barber & Clementson*, for appellants:

There is no proof nor finding that either of the defendants

ratified the notes or mortgage; and as there was no claim that they were given for necessaries, the mortgage was either void or voidable. If it was given to secure the father's debt, it was probably void, and certainly voidable. Tyler on Inf. & Cov., 47; *Wheaton v. East*, 5 Yerg., 41, 61; *Allen v. Minor*, 2 Call, 70. A mortgage by an infant must be confirmed by him after coming of age, to make it binding; and for that purpose there must be some positive act or words of the minor from which his assent may be inferred. 1 Hilliard on Mort., 17, § 21; id., 646, § 41; Tyler on Inf. & Cov., 84, § 44; *Baylis v. Dinely*, 3 Maule & Sel., 482; *Tucker v. Moreland*, 10 Pet., 75, 76; *Jackson v. Carpenter*, 11 Johns., 542; *Austin v. Patton*, 11 Serg. & R., 311; 1 Parsons on Con., 325–6, and note (y). The mortgage, therefore, was of no force unless given to secure part of the purchase price of the land. The burden was upon the plaintiff to prove his averment on that point, but the weight of evidence was against it.

*Bushnell & Clark*, for respondent, argued that the finding of the court below that the mortgage was given to secure a part of the purchase price of the mortgaged premises, was in accordance with the weight of evidence

COLE, J. There is an irreconcilable conflict in the testimony as to what was the consideration of the notes and mortgage. The court below found that they were given to secure the payment of part of the purchase money agreed to be paid for the lands which were conveyed by Bradley to the defendant *Jeremiah M. Day.* We are not disposed to dissent from this view of the effect of the testimony. We shall not discuss the facts at all, but state the result at which we arrived upon an examination of the evidence. The court also found the fact set up in the answer to be true, namely, that the mortgagor and wife were infants when they executed the notes and mort- gage. It appears, however, that the defendants are in posses- sion of the mortgaged premises, claiming to own them      The

defense set up and relied on in the answer is, in substance, that there was no valid consideration of the notes and mortgage, and that these obligations were void because executed by them when infants. But while the disability of infancy is insisted upon in the answer, and the contracts are disaffirmed, there is no offer to restore the land. The fact being proven, as we think it is, that the notes and mortgage were given for a part of the purchase money of the mortgaged premises, effectually puts at rest all question as to the sufficiency of the consideration. But the further question arises, whether the defense of infancy under the circumstances must prevail. Mr. Schouler, in his work on Domestic Relations (Title, Infancy, p. 518 et seq.), has collated many authorities which treat of the void and voidable contracts of infants. He observes, in sub-stance, that it is difficult to give a clear and infallible test between these two classes of contracts, but that the general distinction is this: A void contract is a mere nullity, of which any one can take advantage, and which is, in legal estimation, incapable of being ratified; while a voidable contract becomes, at the option of the infant, though not otherwise, binding upon himself and all concerned with him. Acts and circumstances which amount to a legal ratification, serve to make the voidable contract completely binding. "It is held that an infant may make a voidable purchase of land; for, says Lord Coke, striking the legal principle with wonderful clearness for that day, '*it is intended* for his benefit,' and at his full age he may either agree thereunto and perfect it, or, without any cause to be alleged, waive or disagree to the purchase." Schouler's Dom. Rel., p. 539. Various acts amount to a legal ratification of a voidable contract. "Where an infant puchases property and continues to enjoy the use of the same, and then sells it or any part of it, and receives the money for it, he must be considered as having elected to affirm the contract, and he cannot àvoid payment of the consideration." Schouler, *supra*, p. 588; *Boody v. McKenney*, 23 Maine, 517; *Hubbard v. Cummings*, 1 id., 11;

*Robbins v. Eaton*, 10 N. H., 562; *Boyden v. Boyden*, 9 Met., 519; *Lynde v. Budd*, 2 Paige, 191. The case of *Lynde v. Budd* is quite analogous in its principal features to the one before us. There the infant, Budd, took a conveyance of land, and gave a bond and mortgage for part of the purchase money. The infant went into possession of the land, and continued in possession until after he became of age, and then conveyed the property to one Rouse. In an action to foreclose the mortgage, the question was raised, whether the grantee of the infant did not take the land discharged of the incumbrance. Chancellor WALWORTH says : " The contract with the infant in this case was not void, but only voidable at the election of the grantee when he became of age. He might then have relinquished the property to the grantor, and claimed back the money which had been paid at the time of the purchase (*Willis v. Twombly*, 13 Mass., 204). But by continuing in possession after he became twenty-one, and finally selling and conveying the land with warranty, he affirmed the contract."

The doctrine of these cases is both reasonable and just, and is decisive of the one before us. Treating the deed of the land and the notes and mortgage as parts of the same transaction, there can be no doubt that the contract was one quite beneficial to the infants. They have elected to affirm it by retaining the possession of the premises and claiming them as their own. It would be most inequitable to allow them to repudiate the notes and mortgage given for part of the purchase money and also to keep the land. In the language of SHAW, C. J., "If the infant, after coming of age, retains the property for his own use, or sells or otherwise disposes of it, such detention, use or disposition — which can be conscientiously done only on the assumption that the contract of sale was a valid one, and by it the property became his own — is evidence of an intention to affirm the contract, from which a ratification may be inferred." *Boyden v. Boyden, supra.*

The evidence in this case is abundant to show an affirmance of the original contract of purchase.

*By the Court.* — The judgment of the circuit court is affirmed.