## NICHOLAS GROESBECK, *Appellant, v.* PHIL-
## ANDER BELL *et al., Respondents.*

GENERAL DEMURRER TO ANSWER.—When one defense set up in an answer is good, a general demurrer should be overruled.

DISAFFIRMANCE OF CONTRACT BY AN INFANT.—The rule that an Infant is bound by his contracts, unless he disaffirms them within a reasonable time after his majority, applies only to such contracts as are beneficial to the infant.

REASONABLE TIME FOR DISAFFIRMANCE.—In determining what is a "reasonable time" within which an infant must disaffirm a contract, the jury can take into consideration the nature of the contract and the situation of the parties. No particular manner of disaffirmance is necessary.

APPEAL from the Third District Court.

The facts appear in the opinion of the Court.

*Rawlins & Sheeks,* for Appellant.

*Dilly, Burmester & Sutherland,* for Respondents.

BOREMAN, J., delivered the opinion of the Court :

The action is based upon two promissory notes. Bell was not served, and did not appear. Howe filed his separate answer, to which Plaintiff demurred generally. The demurrer was overruled, and a trial by jury and verdict for Defendant being had, judgment was rendered for Defendant. A motion for a new trial being overruled, the Plaintiff appeals from both the judgment and from the order overruling the motion for a new trial.

The action of the Court in overruling the demurrer was correct, the plea of payment being sufficiently alleged even if the other two grounds, infancy and suretyship, were not so. A general demurrer for insufficiency cannot be maintained where one ground of defense is good. But we do not think that the other two grounds are insufficiently alleged. All that the Statute specifies need not be alleged, when all is not necessary to be proved. It could not be necessary for the Defendant to say that he restored to the Plaintiff all the property or money received by him, when he alleges that he received none.

But it is urged that neither ground of defense has

been sustained by the proof. The plea of payment was not fully sustained, so as to warrant a judgment for the Defendant; only fifteen dollars were paid by Bell, whereas the indebtedness charged was many times more.

The defense of suretyship was not sustained. It is true that the Defendant is not concluded by the fact that his name appears without any specification that it was as surety. That fact can be shown by oral testimony, together with the fact that the Plaintiff knew that he only signed as surety. But there is no evidence of any extension of the time of payment granted by the holder of the note to Bell, the principal. Without proof on this point, the defense could not be maintained. The whole case then hinges upon the defense of infancy, set up in the answer.

It appears that Defendant, Howe, was an infant, under twenty-one years of age, when the notes sued on were executed; that he signed the notes as surety for Bell; that he had forgotten the matter; that nothing was ever said to him about the notes from the day of their execution in 1860 until 1868 or 1869, when the Plaintiff asked payment of them and he refused; that in the meantime Bell had left the country; that no consideration moved to Howe for signing the notes; and that subsequent to 1868 or 1869 the Plaintiff often demanded payment, but the Defendant as often refused to pay, denying that he owed the notes.

The common doctrine is that an infant is not permitted to enter into general contracts, because his immature judgment would expose him to injury; and whatever contract of an infant that the Court could see to be to his prejudice is voidable at the infants option, if not absolutely void. A contract to the infants' prejudice; one from which he had never received any benefit, cannot be looked upon with any favor of the Court.

When the Statute says that an infant is bound by his contract unless he disaffirms them within a reasonable time after he attains his majority, we are inclined to think that it was meant to apply to only such contracts

as were beneficial to the infant, and not only so, but was probably not intended to apply to contracts where infants were not the principals therein. In the case at Bar, the contracts were not beneficial but prejudicial to the infant, and he was not a principal but merely a surety.

But aside from our construction of the Statute, it is very clear that the jury in ascertaining what was a "reasonable time," had the right to take into consideration the nature of the contract and the situation of the parties; and could, from the evidence, conclude that the disaffirmance was within a "reasonable time." No particular manner of disaffirmance is necessary, but only such acts as would indicate a disaffirmance. The Defendant being surety, the jury had a right to conclude that a refusal to pay and denial of indebtednes when payment was first demanded, and at all times thereafter, was a disaffirmance in time, and that the Defendant ought not to be held.

. We can see no error in the case, and judgment of the Court below is therefore affirmed, with costs.

The other Judges concur.