R. SMITH TYLER v. THE ESTATE OF FRANKLIN GALLOP, DECEASED.

*Estates of deceased persons—Commissioners on claims—Appeal—Judgment—Infants—Executory contract—Ratification—Emancipation of minor.*

1. The judgment entry in the circuit court, on an appeal from the decision of commissioners on claims against the estate of a deceased person, should be an allowance or disallowance of the claim, which should be certified to the probate court.
2. In a suit on a note given by a minor, the burden of proof is on the plaintiff to show ratification after defendant attained his majority.
3. The mere *silence* of a minor for two years after arriving at full age raises no presumption of his ratification of a note given during his minority, but there must be an *express* promise after he became of age, or *acts* equivalent to a *new* contract.
4. The question of the emancipation of a minor at the time he executed a note is irrelevant to the issue in a suit on the note, as it could not affect his liability thereon.

Error to Clare.   (Hart, J.)   Submitted on briefs November 9, 1887.   Decided January 12, 1888.

Appeal from the allowance of a claim in the circuit court, which had been rejected in the probate court.   Judgment reversed and a new trial ordered.   The facts are stated in the opinion.

*C. W. Perry,* for appellant.

*Browne & Cummins,* for claimant.

MORSE, J.   The plaintiff presented a claim against the estate of Franklin Gallop, deceased, based upon a promissory note for $110, dated August 22, 1882, payable in one year from date, with interest at 10 per cent.   The note was

signed by William Gallop and Frank Gallop (the deceased), as makers.

The claim was disallowed by the commissioners, and plaintiff appealed to the circuit court for the county of Clare.

Upon the trial in that court, testimony was given on behalf of the defendant tending to show that the note in question was given in place of another note made by Daniel Gallop, and also signed by William Gallop, to plaintiff; and that said Daniel Gallop had offered to pay the first or original note given by him to plaintiff, and had always been ready and willing to pay the same at any time, but said plaintiff had never offered to deliver said original note up to Daniel; and that said note was past due when the note in suit was executed. Further evidence was given on the part of defendant tending to show that, at the time this note was made, Franklin Gallop was a minor, and had never been emancipated by his father, the said Daniel Gallop, and that the contract contained in said note had never been ratified by Frank after attaining his majority; and that Daniel had no knowledge of the note in suit being given to take up the original note.

In rebuttal, the plaintiff introduced testimony tending to show that, when the note made by Frank and William was received by him, the original note was delivered over to them, and that it was not in his possession at the time of the trial, and never had been since the note in suit was executed and delivered to him; also evidence tending to prove that, at the time the note in question here was given, the deceased, Franklin Gallop, had been emancipated, and was doing business in his own name for his own benefit, with the consent and approval of his father, and that Daniel authorized Frank to take up the original note, and, at the time, Frank and William were in partnership, and the said note was given in the course of their partnership transactions.

The circuit judge instructed the jury, in substance and

effect, that the deceased failing to give notice to the plaintiff during his life-time, after he became of age (he having lived some two years after he became twenty-one years of age), he could not and would not be bound by his signature to said note, his legal representatives after his death could not take advantage of his silence without offering some proof, at least, that the deceased did not intend to be bound by his contract; and directed a verdict for the plaintiff for the face of the note and interest.

The judgment entry in the circuit court is not correct, or applicable to proceedings of this kind. No error is assigned upon it, but a common-law judgment cannot run against the administrator, or against the property in his hands as such, as it does in this case. The entry should be an allowance or disallowance of the claim, which allowance or disallowance is to be certified to the probate court. See *La Roe v. Freeland,* 8 Mich. 531, 534.

The only errors assigned in the record are to the charge of the court. We think the case should have been submitted to the jury. If the deceased was a minor at the time of the execution of this note, the burden of proof was upon the plaintiff to show that he had ratified it after he attained his majority. It seems from the record that there was evidence tending to prove that deceased had not ratified the contract. The circuit judge was not authorized in law to presume a ratification because of the mere silence of the deceased for two years. There must have been an express promise after he became of age, or such acts as would have been equivalent to a new contract. *Goodsell v. Myers,* 3 Wend. 479; *Wilcox v. Roath,* 12 Conn. 550; *Tucker v. Moreland,* 10 Pet. 58; *Ford v. Phillips,* 1 Pick. 202; *Fetrow v. Wiseman,* 40 Ind. 148; Tyler, Inf. (2d ed.) 84, 91, 92; *Minock v. Shortridge,* 21 Mich. 304; *Prout v. Wiley,* 28 Id. 164.

The record in this case is blind and uncertain. It appears that there was evidence tending to show that the original

note was delivered over to William Gallop and the deceased, but which one of them took and kept possession of it we are not informed; nor does it appear whether the relation of the deceased to the note sued upon was that of maker, or surety for William. We do not propose, therefore, to discuss what might be the law applicable to facts which may not be facts in the case.

The question whether or not the deceased was emancipated by his father at the time he signed this note had no relevancy to the issue. It could not affect his liability upon this note.

The judgment of the court below is reversed, and a new trial granted, with costs of this Court to defendant.

SHERWOOD, C. J., and CHAMPLIN, J., concurred. CAMPBELL, J., did not sit.