PETERSON, Appellant, vs. WEIMAR and another, Respondents.

*May 2—June 18, 1923.*

*Infants: Disavowal of contracts: Bank deposits: Withdrawal: Authority of bank to make payment.*

1. Generally an infant, after becoming of age, may disavow his contracts and reclaim any money paid thereon; but the legislature may regulate the contracts of minors and declare by law under what conditions they may contract.
2. A bank was authorized under sec. 2024—46, Stats., to pay to a minor money she had on deposit, and when she demanded and received a foreign draft for a part of such money it amounted to payment to her of the sum named in such draft, and her indorsement constituted a receipt.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

The appeal is from a judgment dismissing the complaint of the plaintiff *Evelyn Peterson.*

For the appellant there was a brief by *Baldwin & Bosshard* of La Crosse, and oral argument by *C. L. Baldwin.*

For the respondent *State Bank of La Crosse* there was a brief by *Winter, Morris, Esch & Holmes* of La Crosse, and oral argument by *Arthur T. Holmes.*

CROWNHART, J.    The plaintiff *Evelyn Peterson,* appellant herein, alleges that while a minor she had on deposit in the *State Bank of La Crosse* the sum of $1,000, for which she received a draft on a Chicago bank, payable to her order, and which during her minority she negotiated and lost the proceeds thereof in a real-estate deal.    After becoming of age she brought this action to disaffirm her contract with the *State Bank of La Crosse,* and seeks to recover, the amount of the draft.

The theory of the plaintiff is that a minor may disavow her contract after she reaches majority and reclaim any money paid thereon.    This generally is a correct statement of the law.    1 Black, Rescission, etc. § 311; *Grauman, Marx & Cline Co. v. Krienitz,* 142 Wis. 556, 126 N. W. 50; note in 18 Am. St. Rep. pp. 573 to 724.    However, by these decisions it will be seen that under many circumstances the doctrine of estoppel applies to infants, and it needs no citation to show that the legislature may regulate the contracts of minors and declare by law under what conditions they may contract.    By sec. 2024—46, Stats., it is provided:

"Whenever any deposit shall be made in any bank by and in the name of any minor . . . the same shall be held for the exclusive right and benefit of such minor . . . and free from the control or lien of all persons whatsoever, except creditors, and shall be paid with any interest due thereon, to the person in whose name the deposit shall have been made, and the receipt of such minor . . . shall be a sufficient release or discharge for such deposit to the bank."

This statute was sufficient authority for the bank to pay to *Evelyn Peterson* the money that she had there on deposit.

When she demanded and received from the bank a draft on the Chicago bank for a part of the money on deposit, it amounted to payment to her of the sum named. When the draft was indorsed by her and finally paid by the bank, her indorsement constituted a receipt for the amount so paid. Under these circumstances it is clear that the bank was under no further liability for the money so paid to *Evelyn Peterson*. The circuit court properly dismissed her complaint.

*By the Court.*—The judgment of the circuit court is affirmed.