### J. G. PIERCE COMPANY *vs.* J. ROGER WALLACE.

Middlesex.    December 2, 1924. — February 25, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Minor. Contract,* Validity. *Poor Debtor. Recognizance. Surety.*

One who, when a minor, without making any statement as to his age, became surety upon a recognizance given by a poor debtor and thereafter did not ratify such act nor do anything to preclude him from denying liability as such surety, cannot be held liable on such recognizance.

CONTRACT upon a poor debtor recognizance given by one Benjamin W. Warrington as principal and the defendant as surety.    Writ in the Third District Court of Eastern Middlesex dated December 5, 1923.

Findings and rulings by the trial judge are described in the opinion.    The judge found for the defendant and, at the request of the plaintiff, reported the action to the Appellate Division for the Northern District, who ordered the report dismissed.    The plaintiff appealed.

*J. E. Reagan,* for the plaintiff.

*K. G. Baker,* for the defendant.

WAIT, J.    This case is before us upon appeal from an order of the Appellate Division of the Northern District dismissing a report from the Third District Court of Eastern Middlesex and affirming a judgment for the defendant.

The report presented for determination the question whether a surety upon a recognizance taken in a poor debtor proceeding could set up his minority as a defence, and thereby defeat recovery, after a breach of the recognizance.

The plaintiff contends that there was error in the refusal by the trial judge to give certain requests of the plaintiff and in the giving of others presented by the defendant. The judge found as a fact that the defendant was a minor when he became surety on July 21, 1923, and that he did nothing thereafter and before suit which precluded him from

denying liability, and nothing which amounted to a ratification of his act in entering into the recognizance.

So far as this was matter of fact we cannot review the finding. St. 1922, c. 532, § 8 (G. L. c. 231, § 110B).

Several of the requests were refused because they were rendered immaterial by the findings of minority and lack of ratification. There was no error in such refusal. All the requests were dealt with properly, if the minority constituted a defence.

The law of Massachusetts is well settled that, with certain exceptions, the contracts of a minor are voidable. *Carpenter* v. *Grow*, 247 Mass. 133, *Knudson* v. *General Motorcycle Sales Co. Inc.* 230 Mass. 54. *Benson* v. *Tucker*, 212 Mass. 60. *McDonald* v. *Sargent*, 171 Mass. 492. No citation of authorities is needed that contracts for necessities are binding upon him. He is liable on contracts which the law requires him to make, *Baker* v. *Lovett*, 6 Mass. 78, such as a bond to appear and defend in a bastardy proceeding under Rev. Sts. c. 49, § 1, *McCall* v. *Parker*, 13 Met. 372, or which it makes for him, such as the liability for a wife's debts contracted before marriage, *Butler* v. *Breck*, 7 Met. 164. Though we have no decision in this State, we have no doubt that he is liable on any recognizance given when accused of crime. *Fagin* v. *Goggin*, 12 R. I. 398. *State* v. *Weatherwax*, 12 Kans. 463. *Starr* v. *Commonwealth*, 7 Dana (Ky.), 243.

By G. L. c. 276, § 48, it is provided that a minor who is a material witness in a criminal matter may recognize for his appearance, and that the recognizance shall be valid notwithstanding the minority.

In these exceptional cases he is acting as a principal. Different considerations are presented where the minor is a surety.

The general ground for the imposition of liability when it exists is that some benefit has been received by the minor. Where the minor contracts as a surety there is clearly no direct benefit to him. We find no good reason for departing from the usual rule that the contract is voidable, and that the minor is at liberty to avoid it unless, after coming of age, he has confirmed it. This defendant has not received

any benefit which it is inequitable that he should retain after a completed transaction as in *Breed* v. *Judd,* 1 Gray, 455, and *Welch* v. *Welch,* 103 Mass. 562. The judge has found that there was no statement made in regard to his age. We have held that a misrepresentation of age does not preclude the plea of minority. *Knudson* v. *General Motorcycle Sales Co. Inc., supra.*

The judge has also found that there was no confirmation.

The entry "Report dismissed" of the Appellate Division and the judgment are affirmed.

*So ordered.*