ANTONE H. ROEPER, Appellee, v. ANTONETTE DANESE et al., Appellants.

OCTOBER 23, 1928.

*Jepson, Struble, Anderson & Sifford,* for appellants.

*Foster G. Iddings* and *Ward R. Evans,* for appellee.

EVANS, J.—On November 9 and 10, 1925, the minor and his mother entered into a contract of purchase with the defendants, through one Miller, who represented the latter. The subject-matter of the purchase was personal property, and consisted of the outfit of a moving-picture theater. It also included a lease from the defendants to the purchasers, of the real estate upon which such theater was situated. The purchase price was $4,000, of which $2,500 was paid. A mortgage was given for the balance of the purchase price, which was duly foreclosed by the defendants not many weeks thereafter, whereby they repossessed themselves of the subject-matter of the contract. This left nothing in the hands of the minor which could be returned, as a condition to the prosecution of his suit.

The general contention of the defendants is that they dealt wholly with the mother, and not with the minor; that they did not deal personally with either of them; that they had no knowledge of the minority, nor of the interest of the minor in the transaction; that they received no part of the consideration from the minor, but wholly from the mother. They also pleaded that, prior to the bringing of this suit, the minor had elected to affirm the contract and to sue for damages, and that he had joined his mother in an action for damages against these defendants, which was begun in April, 1926; that he thereby elected to waive the right of disaffirmance and to rely upon his claim for damages. This indicates the general nature of the specific points in dispute.

I. The appellee asks for an affirmance of the decree on the  ground that the record discloses no exceptions by the appellants in the court below. This being a suit in equity, exceptions were not requisite. Section 11539, Code of 1924.

II. Is the minor precluded by the former action from bringing the present one? As already indicated, he joined with his mother in an action for damages. Before he began this action, he filed a written withdrawal of his appearance in such action. Whether such withdrawal would be sufficient to annul an election once made, we need not consider. He was still a minor when the present action was brought, and when the trial was had. If he was under disability to make the contract originally, he was under like disability to affirm the same during his minority. The former action was never tried, and the minor acquired no benefit therefrom. Clearly, the defendants presented no defense on this ground.

III. As to the merit of facts, the record discloses that both the minor and his mother jointly participated in the negotiations preceding the purchase. These were mainly with Miller, the agent. They lived at Hawarden, where the negotiations were begun. The property was located at Leeds, which, we understand, is a suburb of Sioux City. Both the minor and his mother went to the location of the property and examined the same, with the aid of the defendants, who were in possession thereof. $500 was paid by the mother on that day to Miller. The transaction was closed on the following day at Hawarden. A bill of sale was executed by the defendants to the minor and his mother; and likewise, a lease of the real estate to the same, as lessees. A note and mortgage on the property were executed by the minor and his mother to the defendants herein, for the balance of the purchase price. The actual contribution by the minor to the purchase price was $779.16, which comprised his savings bank account. This was contributed by transferring the same to his mother, who gave her own check to the defendants. There is no evidence to show actual notice to the defendants of the amount of the minor's contribution. The evidence is abundant, however, to show that they knew he was a party to the transaction. We think this was enough to charge them with notice of the extent of his actual contribution. They did contract directly with him. On the face of the instruments, he was liable to them for the full purchase price. The

exact extent of his contribution was readily ascertainable by inquiry.

The district court found for the plaintiff, and entered judgment in his favor for $779. We think the decision was proper. It is, accordingly,—*Affirmed*.

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.