OLSON, Respondent, vs. VEUM, Appellant.

*November 7—December 4, 1928.*

The cause was submitted for the appellant on the brief of

*Linderman, Ramsdell & King* of Eau Claire, and for the respondent on that of *J. Reese Jones* of Osseo.

ESCHWEILER, J.   It was the plaintiff alone and not the defendant who sought affirmative relief on account of their contract.   To sustain the judgment below is to overlook the substantial distinction between a mere denial by an infant of contract liability where the other party is seeking to enforce it and those cases where he who was the minor not only disaffirms such contract but seeks the aid of the court to restore to him that with which he has parted at the making of the contract.   In the one case he is using his infancy merely as a shield, in the other also as a sword.   The latter situation is fully discussed in *Myers v. Hurley Motor Co.* 273 U. S. 18, 47 Sup. Ct. 277, where an infant, misrepresenting his age, bought an automobile upon conditional sales contract, under which the car was retaken by the vendor, and it was held that though the minor was entitled to recover his down payment, yet he was liable, under a counterclaim, to the amount of such down payment only, for the expenses of the vendor in repairing the same to its condition when sold.   A similar situation and ruling was presented in *Carpenter v. Grow,* 247 Mass. 133, 141 N. E. 859.

We need not here determine the vexatious question whether, in order to be relieved of any obligation on his part under a minor's contract, he must expressly disaffirm or merely fail to affirm.   The conflict in views on this question was recognized in 1851 in this state in *Stokes v. Brown,* 3 Pin. 311, 313, the holding there being that an express promise to pay after majority is a binding ratification (p. 315).   We do not find any decision of this court squarely deciding the point.   In *Tyler v. Gallop's Estate,* 68 Mich. 185, 187, 35 N. W. 902, it is stated that ratification after majority must be shown before recovery can be had on a contract by a minor.   Such is the holding in *J. G. Pierce Co. v. Wallace,*

251 Mass. 383, 384, 146 N. E. 658. In Iowa the matter is settled by a statute requiring disaffirmance and restoration. *Leacox v. Griffith,* 76 Iowa, 89, 40 N. W. 109. We have no such statute and no statutory regulation concerning contracts by minors other than found in sec. 348.478, Stats. (ch. 250, Laws of 1913), penalizing the securing, by pledge of their personal property, of loans to minors without the written consent of parents or guardian, and sec. 221.44, making the receipt of a minor for the payment of a bank deposit to him a sufficient release for the bank.

The rule is generally stated to be that, because of his minority, he has the unqualified right to disaffirm. *Benson v. Tucker,* 212 Mass. 60, 62, 98 N. E. 589; *Peterson v. Weimar,* 181 Wis. 231, 194 N. W. 346; 31 Corp. Jur. p. 1058; 14 Ruling Case Law, p. 222. Even if he were one of a partnership at the time of contract, this does not preclude his plea of infancy, as is shown in a discussion found in *Godfrey v. Mutual F. Corp.* 242 Mass. 197, 200, 136 N. E. 178. It has been held that such plea of infancy in such a case as this is a sufficient election to avoid. 31 Corp. Jur. p. 1069; 14 Ruling Case Law, p. 238.

The authorities are clear that when it is shown, as it is here, that the infant cannot make restitution, then his absolute right to disaffirm is not to be questioned (*MacGreal v. Taylor,* 167 U. S. 688, 700, 17 Sup. Ct. 961; *Blue Jacket v. Ewert,* 265 Fed. 823, 830; *Roeper v. Danese* (Iowa), 221 N. W. 506) ; and he may assert the defense without restitution even in an action by a receiver in bankruptcy seeking to recover an unlawful preference. *Lowell v. Brown,* 280 Fed. 193, 198. Under well established doctrine, therefore, the defendant was entitled to have his plea of infancy as to the note in question sustained.

Reliance was placed in the court below upon general language used in *Thormaehlen v. Kaeppel,* 86 Wis. 378, 56 N. W. 1089, where the plaintiff sued to cancel a mortgage

executed by her during minority. It was there stated (p. 380) that, subject to certain conditions, it is a general rule of law that on becoming of full age a person may disaffirm his contract made during minority and be relieved from the obligation thereof, and that one of such conditions is that it must be disaffirmed within a reasonable time after majority and that any part of the consideration such infant received and retains must be returned before he will be allowed to assert that invalidity of his contract because of his infancy, citing *O'Dell v. Rogers,* 44 Wis. 136, 183; *Callis v. Day,* 38 Wis. 643; and *Knaggs v. Green,* 48 Wis. 601, 4 N. W. 760. None of these cases, however, are here applicable, and the general language therein used must, of course, be considered as applying to the respective situations there shown. It should be noted that in the *O'Dell Case, supra,* one of the plaintiffs was a minor and remained in possession of the part of the proceeds of the estate she received while an infant, and that conduct alone was held not to amount to such an acquiescence, assent, or confirmation as would preclude her from the relief asked; and in the same case (p. 183), though the general rule is stated in effect to be that the minor is bound to disaffirm his contracts within a reasonable time after attaining majority, yet it was held that her bringing the suit, she being a nonresident, was a sufficient disaffirmance of the acts of the trustee sought to be held liable (p. 182). The *Knaggs Case, supra,* is not at all in point here, for there the surety upon the infant's notes, given for the purchase of chattels, paid a judgment upon the same, receiving from the infant a note secured by a mortgage on the same chattels, and was held entitled to hold the property as against a subsequent purchaser from the infant with knowledge of the mortgage; and in *Callis v. Day, supra,* where the defendants, mortgagors, were infants when the purchase-money mortgage was given, yet they remained in possession and made no effort to restore the land, and a

distinction was drawn between voidable and void contracts, and it was there held that their election to retain possession of the land after majority was a ratification of the entire transaction and made it binding upon them.

Applying well established principles of law to the facts, appellant's plea of infancy was good.

*By the Court.*—The judgment against appellant is reversed, and the cause remanded with directions to dismiss the action as against him.