**CASSELLA, Plaintiff-Appellant, v. TIBERIO, et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3173. Decided October 23, 1947.

Schermer & Goldstein, P. A. Millstone, Youngstown, for plaintiff-appellant.

Harold H. Hull, John R. Hooker, Youngstown, for defendants-appellees.

**OPINION**

By PHILLIPS, J.

Plaintiff, Lena Cassella, assignee of Guiseppe Cassella, obtained judgment against defendants Lee Tiberio and Louis Tiberio, his son, by confession on a warrant of attorney contained in a promissory note dated April 20, 1933, evidencing a loan to Lee Tiberio.

Over defendants' objection on January 23, 1945, a judge of the court of common pleas revived such judgment, which had become dormant.

Subsequently defendants filed separate petitions in the court of common pleas under the authority of §11631-9 GC, to vacate the judgment on the ground that the judgment was taken on warrant of attorney for more than was owing plaintiff, and that they were not notified that such judgment had been taken; and judgment against both defendants was vacated, and the cause proceeded to trial where a jury sitting in the court of common pleas returned a verdict for plaintiff against both defendants.

The trial judge overruled the motion of defendant Lee Tiberio for judgment in his favor notwithstanding the verdict of the jury against him and entered judgment thereon, sustained a similar motion made by Louis Tiberio and entered judgment in his favor notwithstanding the verdict of the jury against him; and it is from the judgment entered in favor of defendant Louis Tiberio that plaintiff appeals to us on questions of law.

Upon hearing on order to show cause why judgment against him should not be revived defendant Louis Tiberio claimed, upon a trial in the court of common pleas and in this court, that he was a minor when he signed the note and that he signed it as a witness only; and defendant Lee Tiberio claimed that he was discharged of his debts in bankruptcy.

It is conceded that "at the time of signing the note" Louis Tiberio "was nineteen years and eight months of age".

In his opinion written to support the conclusion he reached on hearing "on motion of defendants for judgment notwithstanding verdict and for a new trial" the trial judge said "in vacating the judgment against Louis Tiberio I found under

§11637 GC that he had a valid defense, i. e., that he was an infant when he signed the note and there was no evidence of ratification after he became of age," and the journal entry he filed in the case supported the conclusion announced in his opinion.

Counsel for plaintiff state by brief that "the question presented in this appeal is whether a minor of the age of nineteen years and eight months who signs a note and then fails in any manner whatsoever to disaffirm this valid obligation upon attaining his majority and for some ten years thereafter may then disaffirm the obligation only after steps are taken by the plaintiff to hold him liable thereon;" and claim that a failure to disaffirm within a reasonable time is equivalent to ratification.

The weight of authority supports the conclusion that execution by an infant of a promissory note is a voidable act.

In the many cases we have examined, in all of which the minor received the benefit of the original consideration given by the promisee, it was held that an infant is liable on a promissory note he signs if he fails to disaffirm within a reasonable time after reaching his majority; but where, as in this case, he receives no direct benefit in the original transaction the result is otherwise.

"In **Harner v. Dipple, 31 Oh St 72,** an infant was held liable as surety on a bond to stay execution because of an affirmative ratification after arriving at majority. The court said, p. 77:

" 'The privilege of infancy is accorded for the protection of the infant from injury, resulting from imposition by others or his own indiscretion. That object being fully accomplished by conferring upon him the power to avoid his contracts, or, in other words, by giving him immunity until such contracts are ratified by himself after arriving at full age * * * . If, therefore * * * he ratifies and affirms them, being moved thereto by his own sense of right and duty, he should, in law, as in morals, be bound to their performance.'

"While this language does not say in so many words that failure to disaffirm is not the same as affirmative ratification, it is clear to me that it says so by implication."

I adopt the quoted language from the opinion of the trial judge as my own for the reason that it expresses my views in the situation.

Counsel for plaintiff have cited no Ohio case fixing the liability of an infant guarantor or surety maker. Cases in

other states hold such a contract not binding upon such an infant unless he ratifies his act affirmatively, and that he does not become bound by mere inaction after attaining majority; and base decisions squarely upon the absence of benefit to the minor in the original transaction. See J. G. Pierce Co. v. Wallace, 146 N. E. 658 (Mass.); Groesbeck v. Bell, 1 Utah 338; Walker v. Stokes Bros. & Co., 262 S. W. 158 (Texas); Brownell v. Adams, 236 N. W. 750 (Neb.). See also 43 Corpus Juris Secundum "Infants", Section 76 d.

Like the trial judge, it seems to me that the decisions in these cases are "in harmony with the general underlying theory of the liability of an infant upon his contractual undertakings".

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.