BRAMLEY'S WATER CONDITIONING,
APPELLEE, *v.* HAGEN ET AL.,
APPELLANTS.

(No. 1503—Decided June 24, 1985.)

*James Hogle, Jr.,* for appellee.
*A. P. Leary,* for appellants.

DAHLING, P.J. This is an appeal from a judgment of the Portage County Municipal Court in which the court after a hearing before a referee entered judgment for plaintiff in the sum of $995 and costs.

There appear to be two statements of proceedings signed by J. Christy, Referee. The first, signed on August 31, 1984, provides:

"Defendant Christine M. Hagen was on February 4, 1984, and at all relevant times, sixteen (16) years of age. Defendant Brian J. Hagen and defendant Christine M. Hagen were at all relevant times husband and wife. On February 4, 1984, both defendants signed a contract entitled a 'Sales and Service' contract. Sometime after February 4, 1984, defendant Christine M. Hagen signed a 'Retail Installment Contract and Security Agreement.' She also signed the name of defendant Brian J. Hagen to said contract. Defendant Brian J. Hagen did not sign the Retail Installment Contract and Security Agreement. Defendants never served written notice of cancellation of this latter contract."

\* \* \*

Assignment of Error No. I

"I. The trial court erred in entering judgment against defendant Christine M. Hagen, a minor, on a contract."

The age of majority in the state of Ohio is eighteen. R.C. 3109.01. Contracts of a minor are voidable at the minor's election upon reaching majority or a reasonable time thereafter. *Mestetzko* v. *Elf Motor Co.* (1929), 119 Ohio St. 575, 581; *Cassella* v. *Tiberio* (1948), 150 Ohio St. 27 [37 O.O. 320]. The only exceptions (those authorized by law; those entered in the performance of a legal duty; those for the purchase of necessities) are inapplicable. *Id.*

There is no dispute but that Christine M. Hagen was a minor, age sixteen. She attempted to disaffirm well before her eighteenth birthday when she contested this matter.

Marriage does not change this longstanding rule of law. The purpose of the rule of law is to protect minors whose "mind and judgment are immature and need to be sheltered from their own imprudence and folly." *Mestetzko, supra,*

at 582. A married, sixteen-year-old is no more mature and no less imprudent than an unmarried one.

The assignment of error is with merit.

### Assignment of Error No. II

"II. The trial court erred in entering judgment against defendant Brian J. Hagen on a contract he never even signed."

The wife signed the husband's name. There was no evidence submitted that she had authority to do so.

The assignment of error is with merit.

### Assignment of Error No. III

"III. The trial court erred in entering judgment against both defendants as the retail installment contract did not meet statutory requirements."

The record indicates that the plaintiff backdated the retail installment contract. This was a deceptive sales act, R.C. 1345.28, in violation of R.C. 1345.02. Defendants are accordingly entitled to rescission. R.C. 1345.09(A).

The assignment or error is with merit.

The judgment of the trial court is reversed and final judgment is entered for defendants.

*Judgment reversed.*

FORD and COOK, JJ., concur.