32

## PARKWOOD OB/GYN, INC.

v.

## HESS.

Toledo Municipal Court, Ohio.

No. CVF–94–14984.

Decided March 30, 1995.

*Scheer, Green & Burke Co., L.P.A.,* and *Michael J. Burke,* for plaintiff Parkwood OB/GYN, Inc.

*Charleen Hess, pro se.*

THOMAS J. OSOWIK, Judge.

The court finds that the plaintiff has brought suit against the defendant for unpaid medical services arising out of medical services provided to the defendant on June 19, 1990.

The undisputed facts submitted to the court establish that the defendant was provided medical services on June 19, 1990 and that the defendant's birthday is November 10, 1972.

The question to be resolved by the court is whether the defendant is legally obligated to pay for the medical services, provided to her when she was a minor.

The age of majority in the state of Ohio is eighteen. R.C. 3109.01. Contracts of a minor are voidable at the minor's election upon reaching majority or a reasonable time thereafter. *Mestetzko v. Elf Motor Co.* (1929), 119 Ohio St. 575, 581, 165 N.E. 93, 95; *Cassella v. Tiberio* (1948), 150 Ohio St. 27, 37 O.O. 320, 80 N.E.2d 426. The only exceptions are those authorized by law, those entered in the performance of a legal duty, and those for the purchase of necessities.

An exception to the general rule that a minor's contract is voidable arises in cases of contracts for necessaries. However, to maintain an action on a contract for necessaries made with a minor, the transaction must be fair and reasonable, made in good faith by the plaintiff, and without knowledge of the defendant's lack of capacity to contract. *Hosler v. Beard* (1896), 54 Ohio St. 398, 43 N.E. 1040. See, also, 47 Ohio Jurisprudence 3d (1983), Family Law, Section 826.

"Necessaries" are defined as food, medicine, clothing, shelter or personal services usually considered reasonably essential for the preservation and enjoyment of life. 47 Ohio Jurisprudence 3d (1983), Family Law, Section 827.

Clearly, the medical services provided by the plaintiff would constitute a "necessary" service. However, whether the plaintiff can proceed with the suit against the defendant is dependent upon a finding of fact that the services were provided by the plaintiff in good faith and without knowledge of the defendant's lack of capacity to contract.

A review of the pleadings reveals that the plaintiff's services arise from a "reg date of 061990," which date, presumably, would be June 19, 1990. The exhibit also indicates "last charge" of 091790, presumably September 17, 1990.

Thus, the plaintiff's own evidence indicates that at the time of any of the services, the defendant was a minor, and the defendant's date of birth was known to the plaintiff on its own records.

The plaintiff, therefore, is unable to establish the threshold requirements for its suit, *i.e.,* no knowledge of the defendant's incapacity to contract.

Based upon these findings of fact and conclusions of law, it is therefore ordered that judgment be rendered in favor of the defendant and that this case be dismissed.

The court further finds that this order is a final determination of all of the issues of all the parties before the court, pursuant to R.C. 2505.02.

Thus, this is a final and appealable order. The clerk shall so journalize this judgment on her records and, further, note the date of such journalization, the date of which shall commence the time for appellate review, and, further, notify all parties of this judgment.

*Judgment for defendant.*