{¶ 29} I reluctantly concur in the opinion of the Court. I write separately because I wish to express my concern with several statutes as they apply to this situation.
 {¶ 30} R.C. 5103.15(D) indicates that a minor parent may enter into an agreement to permanently surrender a child, and that such agreement is "as valid as an agreement entered into by a parent age eighteen or older." Id. In my view, this is a dubious practice, particularly in light of the fact that contracts by minors are voidable in virtually every other circumstance. Zivich v. Mentor Soccer Club (1998)82 Ohio St.3d 367, 370 (citing the general rule that contracts by minors are voidable by the minor upon reaching the age of majority). Bramley'sWater Conditioning v. Hagen (1985), 27 Ohio App.3d 300, held that marriage does not change this longstanding rule of law, since the purpose of the rule is to protect minors whose "mind and judgment are immature and need to be sheltered from their own imprudence and folly." Id. at 300-301, quoting Mestetzko v. Elf Motor Co. (1929),119 Ohio St. 575, 582. Yet, we allow sixteen-year-olds, and those even younger, to independently decide to permanently terminate the relationship of parent and child without the advice of their own parent or perhaps the counsel of a guardian ad litem or an attorney. *Page 15 
 {¶ 31} The problem is compounded by the additional impact of several other statutes. In some situations, permanent custody surrender agreements must be approved by the juvenile court, and, as part of that review, that court will question the parent to determine whether the parent has entered into the permanent custody surrender agreement voluntarily. R.C. 5103.151(B)(4). In the present case, however, because the mother surrendered a five-month old child to a private adoption agency, this minor parent loses the protection of such juvenile court review otherwise afforded to parents permanently surrendering their children. See R.C. 5103.15(B)(1).
 {¶ 32} Furthermore, once a mother, including this minor mother, has signed a permanent surrender agreement granting custody of her child to an agency, that agency may initiate adoption proceedings, and the probate court is not obligated to provide any notice of the filing of the adoption petition or notice of the time and place of the hearing to the biological mother. See R.C. 3107.11(A), R.C. 3107.07(C), and R.C.3107.071. The agency, and not the mother, may be authorized to appear in the proceedings for the adoption of the child and may consent to the adoption. R.C. 5103.15(C).
 {¶ 33} In this case, it appears that the mother had knowledge of the adoption proceedings even if she was not actually served with notice of them, apparently because her own parent became involved at some point. In addition, the minor mother is presently being advised by counsel, counsel she unfortunately *Page 16 
did not have at the time she signed the agreement. But not every mother, and in particular perhaps minor mothers, will learn of pending adoption proceedings.
 {¶ 34} In some cases, of course, a minor parent may well be acting voluntarily and with full knowledge of her options. Such a parent might not welcome the perceived encumbrances of juvenile court review and notice of adoption proceedings. Nevertheless, safeguards are put in place to protect and inform those who may benefit from them and those who may not fully comprehend their position.
 {¶ 35} In this case, there are allegations that the minor mother's act of signing the permanent surrender agreement was not a voluntary act, but was done under duress. The added layer of safeguards included in a review by the juvenile court might have best and most efficiently served the interests of both this minor mother and her child.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1